Dale K. Galipo, Esq., #144074
dalekgalipo@yahoo.com
Shannon J. Leap, Esq. #339574
sleap@galipolaw.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  92367-6479
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff V.L., by and through the Guardian Ad Litem Amber Snetsinger, individually and as successor-in-interest of JOHNNY RAY LLAMAS, deceased

Garo Mardirossian, Esq., #101812
garo@garolaw.com
Lawrence D. Marks, Esq., #153460
Lmarks@garolaw.com
**MARDIROSSIAN AKARAGIAN, LLP**
6311 Wilshire Boulevard
Los Angeles, CA  90048-5001
Telephone (323) 653-6311
Facsimile (323) 651-5511

Attorneys for Plaintiffs S.L., by and through the Guardian Ad Litem Kristine Llamas Leyva, and as successor-in-interest of JOHNNY RAY LLAMAS, deceased; and CAROLYN CAMPBELL, individually

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.L., by and through the Guardian Ad Litem Kristine Llamas Leyva; V.L., by and through the Guardian Ad Litem Amber Snetsinger; and as successors-in-interest of JOHNNY RAY LLAMAS, deceased; and CAROLYN CAMPBELL, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF DEPARTMENT, public entities; and DOES 1 through 10, individually and as peace officers, inclusive,<br><br>Defendants. | CASE NO. 5:24-cv-00249-CAS-SP<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br><br>**Operative Complaint:** February 1, 2024<br>**Responsive Pleading:** March 4, 2024<br>**Trial (Proposed):** September 30, 2025 |

# JOINT RULE 26(f) REPORT FOR THE SCHEDULING CONFERENCE

Following meeting and conferring of counsel pursuant to Federal Rules of Civil Procedure Rule 16(b), the parties hereby submit their Joint Rule 26(f) Report for the Scheduling Conference pursuant to the Court's Order dated April 4, 2024 (Dkt. No. 21), and pursuant to Federal Rules of Civil Procedure 26(f).

Plaintiff V.L. will appear through her counsel of record, Dale K. Galipo of the Law Offices of Dale K. Galipo. Plaintiffs S.L. and Carolyn Campbell will appear through their counsel of record, Garo Mardirossian and Lawrence Marks of Mardirossian Akaragian, LLP. Defendant County of Riverside, will appear through their counsel of record, Eugene Ramirez and Lynn Carpenter.

## A. BRIEF STATEMENT OF THE CASE

*1. Plaintiff's Statement:*

On April 14, 2023, at approximately 4:45 p.m., Defendant Deputies, Does 1-10, encountered Johnny Ray Llamas, decedent ("Mr. Llamas") at or near the 22000 block of River Road in the unincorporated area of Perris, known as Meadowbrook, County of Riverside, State of California. At all relevant times, Mr. Llamas posed no imminent threat of death or serious bodily injury to defendants or any other person. Even though Mr. Llamas posed no imminent or immediate threat of death or serious bodily harm to Defendants or anyone else, Defendant Deputies used excessive force upon Mr. Llamas, shooting him in the back and shooting him again after he had fallen to the ground after being shot in the back. Defendant Deputies had less than lethal alternatives available to them and failed to utilize, let alone exhaust these less lethal options prior to using deadly force. Mr. Llamas died of his injuries.

*2. Defendants' Statement:*

On April 14, 2023, members of the Riverside County Sheriff's Department Special Enforcement Bureau's Fugitive Warrant Team (FWET) were actively searching for a known individual, Johnny Llamas, who had multiple outstanding felony warrants. At about 1553 hours, Sheriff's Dispatch received information that Llamas was at 27080

Highway 74 and had arrived in a stolen vehicle, a blue Chevrolet Tahoe. SEB and FWET deputies responded to the area along with deputies assigned to the Gang Task Force and Perris patrol. While developing a plan, Llamas left the location in a vehicle and deputies attempted to catch up to him. Llamas evaded deputies and they eventually lost sight of him. At about 1647 hours, Sheriff's Dispatch received a suspicious person call in the area of 22305 River Rd. The reporting party saw a male, matching Llamas' description, and a female running away from a grey pick up. Deputies responded to this area, set a perimeter, and began a search for several hours and were unable to locate Llamas. At about 1917 hours, K9 Rudy entered a tree line area, and deputies nearby heard a gunshot. K9 Rudy was unresponsive and did not return to his handler, leading deputies to believe he had been shot.

The Sheriff's Department helicopter went overhead and located Llamas and a female, later identified as Priscilla Raju, running from the tree line. Llamas was armed with a handgun and held it to his head and placed the gun in his mouth at various points as he ran. Llamas ran to River Rd., crossed the street, and entered a property located at 22240 River Rd. While on this property, a deputy involved shooting occurred. Llamas fell to the ground and was taken into custody. Paramedics arrived quickly, due to being staged nearby, checked Llamas' vital signs, and ultimately pronounced him deceased on scene.

## B. SUBJECT MATTER JURISDICTION

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## C. LEGAL ISSUES

The following are among the principal issues raised by Plaintiffs' Complaint:

a) Whether Defendant Deputies used excessive force under the Fourth Amendment;

b) Whether the excessive force against Decedent interfered with Plaintiffs' right to a familial relationship with Decedent;

c) Whether the use of excessive force against Decedent was malicious, oppressive, or in reckless disregard of his rights;

d) Whether Defendant Deputies unreasonably denied medical care to Decedent under the Fourth Amendment;

e) Whether the Riverside County Sheriff's Department has unconstitutional policies, practices, or customs that were the cause of Decedent's and Plaintiffs' injuries;

f) Whether the Riverside County Sheriff's Department failed to adequately train its officers;

g) Whether Riverside County Sheriff's Department Deputies unreasonably denied medical care to Decedent under the Fourth Amendment;

h) Whether the Defendant Deputies were negligent with respect to their handling of the situation, pre-shooting tactics, and the use of force;

i) Whether Defendants violated the Bane Act by using excessive force;

j) Whether Plaintiffs are entitled to damages; and

k) The nature and extent of Plaintiffs' and Decedent's damages, including wrongful death damages, survival damages, and punitive damages,

### D. PARTIES AND EVIDENCE

Plaintiffs S.L. and V.L. are Decedent's minor children, and Plaintiff Carolyn Campbell is Decedent's natural mother. Defendants are the County of Riverside and various unnamed Doe defendants.

Other witnesses and/or individuals with information pertinent to this matter may

become known throughout the discovery process.

Plaintiffs' claimed damages include compensatory damages in an amount according to proof, including damages for pre-death pain and suffering, survival damages, wrongful death damages; funeral and burial expenses; treble damages; and punitive damages. Plaintiffs also seek statutory attorney's fees and costs, including interest.

Defendant denies the nature and extent of plaintiffs' claimed damages.

### E. INSURANCE

The County of Riverside is permissibly self-insured per California Government Code § 990.

### F. MAGISTRATE JUDGE

The parties do not consent to a magistrate judge from the court's Voluntary Consent List to preside over this action for all purposes, including trial.

### G. DISCOVERY PLAN

The parties have begun discovery at the time of the drafting of this report. The parties will  made initial disclosures two weeks following the Early Meeting of Counsel, on April 24, 2024. There are no anticipated issues about discovery of electronically stored information. The Parties have filed a stipulated protective order. The Parties propose a fact discovery cutoff date of **March 21, 2025**.

The Parties propose an Expert Disclosure cut-off of **April 4, 2025**.

The Parties propose a Rebuttal Expert Disclosure date of **April 25, 2025**.

The Parties propose an expert discovery cut-off date of **May 16, 2025**. All parties respectfully request that trial documents be due on or before **August 22, 2025**.

1. Plaintiffs

Plaintiffs have propounded written discovery on Defendants including a request for production seeking the materials pertaining to the investigation into this incident. Plaintiffs anticipate deposing individual defendant deputies whose identities will become known through Defendants' initial disclosures. Plaintiffs may also depose EMTs, paramedics, and/or fire department personnel who arrived to provide medical attention to

Decedent. Plaintiffs may also depose a person most knowledgeable regarding the Riverside County Sheriff's Department's policies, procedures, and training pertaining to the use of force, including use of lethal force.

Subjects on which plaintiffs claim discovery may be needed include: deputies' training; deputies' prior uses of force, if any, including citizens' or internal complaints made against the deputies; Riverside County Sheriff's Department policies; the handling of evidence by Riverside Sheriff's Department employees; medical treatment provided to the decedent at the scene of the incident; and observations of the involved deputies and other witnesses.

2. Defendant

Defendant intends to propound written discovery regarding Decedent's and Plaintiffs' medical and mental health history, Decedent's criminal history, Plaintiffs' requested damages and their calculation of damages, and discovery related to witnesses that may have knowledge regarding the incident at issue in the operative Complaint. Defendant anticipates taking the depositions of the Plaintiffs, percipient witnesses, and expert witnesses to the extent appropriate. There may be additional issues that arise in the course of this litigation that defendant may also explore through discovery.

The parties will also take the depositions of any experts or witnesses identified by the other. The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that the parties may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules.

**H. MOTIONS**

Plaintiffs anticipate filing either a motion to amend or a stipulation to amend current claims, add additional claims, and name additional currently unidentified deputies once such identities and factual information become available through discovery. Plaintiffs are hopeful that such amendment may be accomplished through stipulation. Depending on evidence and facts learned through discovery, there may be additional procedural motions that need to be filed.

6
JOINT RULE 26(F) REPORT FOR THE SCHEDULING CONFERENCE

Plaintiffs propose a deadline to file motions to amend the pleadings of April 14, 2025, consistent with the two-year statute of limitations outlined in Cal. Civ. Proc. Code Section 335.1. Defendants propose a deadline to file motions to amend the pleadings of **November 15, 2024**.

The Parties propose a deadline to hear motions of **June 16, 2025**.

Defendants anticipate filing a motion for summary judgment, including on the grounds of qualified immunity for the deputy defendants.

All parties anticipate filing motions *in limine* if this matter proceeds to trial.

The parties expect to file discovery motions as needed or to seek Magistrate assistance via information discovery conference; pretrial motions *in limine*.

### I. CLASS ACTIONS

Counsel agree that this matter is not a class action.

### J. DISPOSITIVE MOTIONS

Defendants anticipate filing a Motion for Summary Judgment with respect to all or some of Plaintiffs' claims at the close of discovery. If Defendants file a Motion for Summary Judgment, Plaintiffs Request two weeks to file their opposition. Plaintiffs have no objection to Defendants' request to have two weeks to file their reply.

### K. SETTLEMENT CONFERENCE/ ALTERNATIVE DISPUTE RESOLUTION (ADR)

The parties have not yet engaged in any settlement discussions or communications. The parties' preference is to engage in these discussions through the Court's ADR Panel Mediation program with a mutually-agreed upon Panel Mediator.

### L. PRETRIAL CONFERENCE AND TRIAL

The parties propose a Pretrial Conference date of **September 8, 2025** and a Trial date of **September 30, 2025**.

### M. TRIAL ESTIMATE

The parties have requested trial by jury and estimate the length of the trial at approximately 5-7 days. Plaintiffs contemplate calling 8-10 witnesses. Defendants

contemplate calling 10-15 witnesses. Due to the number of witnesses the parties intend to call, it is likely that the trial will exceed four court days.

### N. TRIAL COUNSEL

Dale K. Galipo will be lead trial counsel for Plaintiff V.L. and Garo Mardirossian and Lawrence Marks will be lead trial counsel for the Plaintiffs S.L. and Carolyn Campbell.

Trial counsel for Defendants are Eugene Ramirez and Lynn Carpenter.

### O. INDEPENDENT EXPERT OR MASTER

Counsel agree that neither a discovery master, nor independent scientific expert are needed for this lawsuit.

### P. MANUAL FOR COMPLEX LITIGATIONS

Counsel agree that this is not a case which is sufficiently complex to be governed by the procedures of the federal "Manual for Complex Litigation."

### Q. OTHER ISSUES

Defendant anticipates seeking an order bifurcating determination of liability for compensatory damages from *Monell* liability and punitive damages if this matter proceeds to trial.

Respectfully Submitted,
DATED: May 16, 2024

The Law Offices of Dale K. Galipo
MARDIROSSIAN AKARAGIAN, LLP

By:   /s/ *Shannon J. Leap*
Dale K. Galipo
Garo Mardirossian
Lawrence D. Marks
Shannon J. Leap[1]
Attorneys for Plaintiffs

---

[1] As the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: May 14, 2024

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:     /s/ Kayleigh A. Andersen
Eugene P. Ramirez
Lynn L. Carpenter
Kayleigh Andersen
Attorneys for Defendant, COUNTY OF RIVERSIDE