Dale K. Galipo, Esq., #144074
dalekgalipo@yahoo.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  92367-6479
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff V.L.

Garo Mardirossian, Esq., #101812
garo@garolaw.com
Lawrence D. Marks, Esq., #153460
Lmarks@garolaw.com
**MARDIROSSIAN AKARAGIAN, LLP**
6311 Wilshire Boulevard
Los Angeles, CA  90048-5001
Telephone (323) 653-6311
Facsimile (323) 651-5511

Attorneys for Plaintiffs S.L. and
CAROLYN CAMPBELL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.L., a minor by and through the Guardian Ad Litem Kristine Llamas Leyva, individually and as successor-in-interest to JOHNNY RAY LLAMAS, deceased; V.L., by and through the Guardian Ad Litem Amber Snetsinger, individually and as successor-in-interest to JOHNNY RAY LLAMAS, deceased; and CAROLYN CAMPBELL, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF RIVERSIDE; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:24-cv-00249-CAS-SP <br><br> *Hon. Christina A. Snyder,* <br> *Hon. Magistrate Sheri Pym,* <br><br> **PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION TO AMEND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO AMEND** <br><br> **Proposed Hearing Date: September 23, 2024 at 10:00 a.m.** <br><br> *[Proposed] Order; Declaration of Shannon J. Leap and Exhibits Thereto filed concurrently herewith.]* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on September 23, 2024 or as soon as thereafter as counsel may be heard in Courtroom 8D of the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiffs will and hereby do move the Court for leave to file a First Amended Complaint. Plaintiffs make this Motion under Federal Rules of Civil Procedure, Rule 15 on the grounds that justice requires leave to amend and Defendants will suffer no prejudice.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION TO AMEND

## **STATEMENT OF MEET AND CONFER COMPLIANCE**

On July 16, 2024 the parties met and conferred regarding Plaintiffs' desire to amend the complaint in order to add the involved Riverside County Sheriff's Department Deputies as named defendants, pursuant to Local Rule 7-3. Counsel for Plaintiffs inquired whether Defendants would be able to stipulate to amending the Complaint to name the involved Deputies. (Declaration of Shannon J. Leap, "Leap Decl." at ¶ 7). Counsel for Defendant County of Riverside, informed Plaintiffs' counsel that they did not have authority from their client to stipulate to allow Plaintiffs to file their amended complaint naming the involved deputies as defendants, but agreed not to oppose a motion to amend to name the involved deputies, should Plaintiffs file such a motion. (*Id.* at ¶ 7). On August 20, 2024, Plaintiffs' Counsel emailed a copy of this instant motion, as well as the redlined and clean versions of Plaintiffs' Proposed First Amended Complaint to Counsel for Defendants, who reviewed and agreed to those amendments. (*Id.* at ¶ 8-9). This Motion is based on this Notice of Motion, the separate Memorandum of Points and Authorities filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

DATED:  August 20, 2024                    LAW OFFICES OF DALE K. GALIPO


By_____*/s/ Shannon J. Leap*_____
            Dale K. Galipo
            Shannon J. Leap
            Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case arises out of the shooting of Johnny Llamas on April 14, 2023 in the unincorporated area of Perris, known as Meadowbrook, County of Riverside, California. By way of the instant unopposed Motion, Plaintiffs seek leave of Court to file an amended complaint to name the following individuals in place of two "Doe" defendants identified in Plaintiffs' operative complaint: (1) Jimmie McGuire, and (2) Shawn Hubachek. A redlined copy of Plaintiffs' Proposed First Amended Complaint ("FAC") and a clean copy of the proposed FAC are attached to the Declaration of Shannon J. Leap filed concurrently herewith as "Exhibits 1 and 2."

Under Federal Rules of Civil Procedure ("FRCP"), Rule 15, good cause exists for this Court to grant Plaintiffs' instant unopposed Motion and allow Plaintiffs to amend their complaint. The identities of these involved deputies were provided to Plaintiffs through discovery only recently. Plaintiffs bring this Motion timely and in good faith. Naming the involved officers as defendants ensures the correct parties are given notice of this suit. Furthermore, justice requires the instant motion to be granted for the following reasons because requested amendment will create no undue delay, Defendants do not oppose this Motion, and discovery is only in it is initial stages. Plaintiffs anticipate that the parties will continue to propound written discovery and take depositions of the involved parties. Finally, Plaintiffs are within this Court's deadline to amend their pleadings to add parties, as well as the two-year statute of limitation provided in California Government Code Section 335.1.  (*See* Dkt. No. 27). Therefore, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion and issue an order allowing Plaintiffs to file their proposed FAC.

### II.    LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a party seeking leave to amend a pleading after a response has been filed may do so either by stipulation or

with leave of court. *See* Fed. R. Civ. P. 15(a)(2). Federal policy strongly favors determination of cases on their merits. Under Rule 15, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality," even where the amendment adds entirely new causes of action. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Jenn-Air Products Co. v. Penn Ventilator, Inc.*, 283 F. Supp. 591, 593 (E.D. Pa. 1968). Thus, while "leave to amend should not be granted automatically," the circumstances under which Rule 15(a) "permits denial of leave to amend are limited." *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). Denial of a motion to amend is appropriate only when the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martinez v. City of Newport Beach*, 125 F.3d 777, 785 (9th Cir. 1997). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.* "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman,* 371 U.S. at 182.

## III.    ARGUMENT

### A. Plaintiffs Satisfy the Liberal Amendment Standard of Rule 15

The Ninth Circuit has a liberal policy of allowing amendments to a complaint. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1051. Here, Plaintiffs' proposed amendment easily satisfies the liberal standard of Rule 15. Good cause exists for this Court to permit Plaintiffs to amend the complaint to substitute Deputy Jimmie McGuire and Sergeant Shawn Hubachek in place of Doe Defendants because until recently, Plaintiffs were ignorant to the identities and involvement of the individuals identified as "Doe" defendants. Through Defendant County of Riverside's

("County") responses to Plaintiffs' requests for production of documents and interrogatories, Plaintiffs learned that these deputies deployed lethal rounds, and used excessive deadly force that Plaintiffs allege constitute excessive deadly force, violating their and Decedent's constitutional rights. Justice so requires that Plaintiffs be permitted to bring their claims against the proper defendants.

### 1. *Defendants Will Suffer No Prejudice if Plaintiffs Are Granted Leave to Amend Their Complaint.*

Additionally, Defendants will not be prejudiced if the Court grants Plaintiffs' leave to amend, including because they are not opposing this Motion. Defendants provided the identities of the involved deputies in responses to Plaintiffs' interrogatories, therefore demonstrating that Defendants are well-informed of the identities of the deputies involved in the incident that give rise to this lawsuit. Plaintiffs do not seek to add any additional claims or theories of liability against Defendant County at this time. Additionally, Plaintiffs anticipate that the individuals whom Plaintiffs seek to name as defendants will be represented by counsel for Defendant County. As indicated above, the documents identifying the individuals whom Plaintiffs now seek to name as defendants and describing the involvement of those individuals have long been in the possession of Defendant County. Thus, the proposed individual defendants, as well as counsel for Defendant County, have long been familiar with the facts giving rise to the allegations in Plaintiffs' complaint and will not be unduly prejudiced by needing to conduct additional research or learn additional facts. Plaintiffs' amendments would not be futile because the evidence indicates that the individuals whom Plaintiffs seek to name as defendants may be liable on Plaintiffs' claims.

### 2. *Plaintiffs' Requested Amendment is Timely.*

The requested amendment will create no undue delay. Discovery is only in its initial stages and Plaintiffs anticipate that the parties will continue to propound written

discovery and take depositions of the involved parties. Plaintiffs are also still within the timeframe set by this Court to amend their pleadings and add parties. (*See* Dkt. No. 27). Furthermore, Plaintiffs are within the two-year statute of limitations provided for in California Government Code Section 335.1.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to file a First Amended Complaint to name Deputies Jimmie McGuire and Shawn Hubachek as named defendants in place of Doe Defendants 1 and 2.

DATED:  August 20, 2024          LAW OFFICES OF DALE K. GALIPO


By_____*/s/ Shannon J. Leap*_____
Dale K. Galipo
Shannon J. Leap
Attorneys for Plaintiff


Dated:  August 20, 2024          **MARDIROSSIAN AKARAGIAN, LLP**


By:  */s/ Lawrence D. Marks*_____
GARO MARDIROSSIAN
LAWRENCE D. MARKS
Attorneys for Plaintiffs S.L. and
CAROLYN CAMPBELL