# EXHIBIT 2

Dale K. Galipo, Esq., #144074
dalekgalipo@yahoo.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  92367-6479
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff V.L.

Garo Mardirossian, Esq., #101812
garo@garolaw.com
Lawrence D. Marks, Esq., #153460
Lmarks@garolaw.com
**MARDIROSSIAN AKARAGIAN, LLP**
6311 Wilshire Boulevard
Los Angeles, CA  90048-5001
Telephone (323) 653-6311
Facsimile (323) 651-5511

Attorneys for Plaintiffs S.L. and
CAROLYN CAMPBELL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

S.L., a minor by and through the Guardian Ad Litem Kristine Llamas Leyva, individually and as successor-in-interest to JOHNNY RAY LLAMAS, deceased; V.L., by and through the Guardian Ad Litem Amber Snetsinger, individually and as successor-in-interest to JOHNNY RAY LLAMAS, deceased; and CAROLYN CAMPBELL, individually,

          Plaintiffs,

    vs.

COUNTY OF RIVERSIDE; SHAWN HUBACHEK; JIMMIE MCGUIRE; and DOES 3-10, inclusive,

          Defendants.

**(PROPOSED) FIRST AMENDED COMPLAINT**

1. Fourth Amendment – Excessive Force (42 U.S.C. § 1983)
2. Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983)
3. Fourteenth Amendment – Interference with Familial Relationship (42 U.S.C. § 1983)
4. Municipal Liability – Unconstitutional Custom, Policy, or Practice (42 U.S.C. § 1983)
5. Municipal Liability – Failure to Train (42 U.S.C. § 1983)
6. Battery (Survival and Wrongful Death)
7. Negligence (Survival and Wrongful Death)
8. Violation of Bane Act (Cal. Civil Code § 52.1)

**DEMAND FOR JURY TRIAL**

-- 1 --

1

## **COMPLAINT FOR DAMAGES**

2     S.L., a minor, by and through the guardian *ad litem* Kristine Llamas Leyva,

3 individually and as successor-in-interest to JOHNNY RAY LLAMAS, deceased; V.L., a

4 minor, by and through the guardian *ad litem* Amber Snetsinger, individually and as

5 successor-in-interest to JOHNNY RAY LLAMAS, deceased; and CAROLYN

6 CAMPBELL, individually, for their Complaint against Defendants COUNTY OF

7 RIVERSIDE; SHAWN HUBACHECK; JIMMIE MCGUIRE and DOES 3-10, inclusive,

8 allege as follows:

9

## **JURISDICTION AND VENUE**

10     1.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and

11 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States

12 including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United

13 States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims

14 arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so

15 related to the federal claims that they form part of the same case or controversy under

16 Article III of the United States Constitution.

17     2.    Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants

18 reside in this district and all incidents, events, and occurrences giving rise to this action

19 occurred in this district.

20

## **INTRODUCTION**

21     3.    This civil rights and state tort action seeks compensatory and punitive

22 damages from Defendants for violating various rights under the United States

23 Constitution and state law in connection with the fatal officer shooting of JOHNNY RAY

24 LLAMAS on April 14, 2023.

25

## **PARTIES**

26     4.    At all relevant times, Decedent JOHNNY RAY LLAMAS ("DECEDENT")

27 was an individual residing in the County of Riverside, California.

28 / / /

5.      Plaintiff S.L. is a citizen of the United States residing in the County of Riverside, California, and is the natural minor child of DECEDENT. Plaintiff S.L. sues both in their individual capacity as the minor child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §§ 377.30 and 377.60. Plaintiff S.L. seeks both survival and wrongful death damages under federal and state law.

6.      Plaintiff V.L. is a citizen of the United States residing in the County of Riverside, California, and is the natural minor child of DECEDENT. Plaintiff V.L. sues both in their individual capacity as the minor child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §§ 377.30 and 377.60. Plaintiff V.L. seeks both survival and wrongful death damages under federal and state law.

7.      Plaintiff CAROLYN CAMPBELL is an individual residing in the County of Riverside, California. CAROLYN CAMPBELL is the natural mother of DECEDENT and sues in her individual capacity. CAROLYN CAMPBELL seeks wrongful death damages, compensatory damages, and punitive damages under federal and state law.

8.      Plaintiffs S.L., V.L., and CAROLYN CAMPBELL were dependent upon DECEDENT at the time of DECEDENT's death for the necessaries of life, including but not limited to support that aided plaintiffs in obtaining the things, such as shelter, clothing, food, and medical treatment, which one cannot and should not do without.

9.      At all relevant times, Defendant COUNTY OF RIVERSIDE ("COUNTY") was and is a public entity duly organized and existing as such under the laws of the State of California. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Riverside County Sheriff's Department ("RCSD") and its agents and employees. At all relevant times, Defendant COUNTY is and was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the RCSD and its agents and employees complied with the laws of the United States and of the State of California.

(PROPOSED) FIRST AMENDED COMPLAINT

10.     At all relevant times, Defendants SHAWN HUBACHEK, JIMMIE
MCGUIRE, and DOES 3-10 were duly appointed by COUNTY as RCSD deputies and
employees or agents of COUNTY, subject to oversight and supervision by COUNTY's
elected and non-elected officials. At all relevant times, Defendants SHAWN
HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 acted under color of law, including
under color of the statutes, ordinances, regulations, policies, customs, and usages of
Defendant COUNTY and the RCSD, and under color of the statutes and regulations of
the State of California. At all relevant times, Defendants SHAWN HUBACHEK,
JIMMIE MCGUIRE, and DOES 3-10 acted within the course and scope of their
employment with COUNTY and the RCSD.

11.     In doing the acts and failing and omitting to act as hereinafter described,
Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 were acting
on the implied and actual permission and consent of Defendant COUNTY.

12.     Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10
are sued in their individual capacities.

13.     The true names and capacities of DOES 3-10 are unknown to Plaintiffs, who
otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to
amend this Complaint to show the true names and capacities of these Defendants when
they have been ascertained. Each of the fictitiously named Defendants is responsible in
some manner for the conduct or liabilities alleged herein.

14.     At all times herein mentioned, each and every defendant was the agent of
each and every other defendant and had the legal duty to oversee and supervise the hiring,
conduct, employment and discipline of each and every other defendant

15.     All of the acts complained of herein by Plaintiffs against Defendants were
done and performed by said Defendants by and through their authorized agents, servants,
and/or employees, all of whom at all relevant times herein were acting within the course,
purpose, and scope of said agency, service, and/or employment capacity. Moreover,
Defendants and their agents ratified all of the acts complained of herein.

16.    Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17.    Plaintiffs refer to and replead each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

18.    The incidents complained of occurred at or near the 22,000 block of River Road, in the unincorporated area of Perris, known as Meadowbrook, County of Riverside, State of California.

19.    On April 14, 2023, at approximately 4:45 p.m., JOHNNY RAY LLAMAS was encountered by Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10.

20.    On information and belief, JOHNNY RAY LLAMAS had not committed any crime and Defendants had no information that JOHNNY RAY LLAMAS had committed a felony.

21.    At all relevant times, JOHNNY RAY LLAMS posed no imminent threat of death or serious physical injury to defendants, or to any other person.

22.    Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 used excessive force upon JOHNNY RAY LLAMAS by, among other things, shooting JOHNNY RAY LLAMAS in the back, and by shooting JOHNNY RAY LLAMAS again after he had fallen to the ground after being shot in the back.

23.    At the time Defendants fired these shots at JOHNNY RAY LLAMAS, JOHNNY RAY LLAMAS posed no imminent or immediate threat of death or serious bodily harm to Defendants or to anyone else.

24.    Because the Defendants had JOHNNY RAY LLAMAS outnumbered and surrounded, and because JOHNNY RAY LLAMAS was compliant and did not pose an imminent threat of death or serious physical injury to the officers or anyone else,

Defendants could have and should have communicated with JOHNNY RAY LLAMAS in effort to deescalate, rather than escalate, the situation.

25.    Defendants used excessive force upon JOHNNY RAY LLAMAS by, among other things, use of their firearms. Even though the officers outnumbered JOHNNY RAY LLAMAS, even though the officers and had control of JOHNNY RAY LLAMAS, even though JOHNNY RAY LLAMAS was compliant with the officers' commands, and even though the officers had far less harmful means of interacting with JOHNNY RAY LLAMAS at their disposal, Defendants failed and refused to communicate with JOHNNY RAY LLAMAS, and instead, without any justification or good cause, Defendants shot and killed JOHNNY RAY LLAMAS.

26.    Defendants used excessive force upon JOHNNY RAY LLAMAS by escalating this incident to the point where deadly force was used.

27.    The search and seizure and the use of deadly force was excessive and objectively unreasonable under the circumstances. The escalation of the incident and use of deadly force by Defendants demonstrated a deliberate indifference to the health and safety of JOHNNY RAY LLAMAS that shocks the conscience.

28.    On information and belief, despite having knowledge that JOHNNY RAY LLAMAS was seriously injured by Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 use of deadly force, Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 failed to timely summon medical care or permit medical personnel to treat JOHNNY RAY LLAMAS. The delay of medical care to JOHNNY RAY LLAMAS was a contributing cause of JOHNNY RAY LLAMAS's harm, injury, pain and suffering, and ultimate death.

29.    As a direct result of his interaction with Defendants herein, JOHNNY RAY LLAMAS died. Defendants' actions caused JOHNNY RAY LLAMAS to lose his life, caused Plaintiffs S.L. and V.L. to lose their father, and caused Plaintiff CAROLYN CAMPBELL to lose her son.

30.    JOHNNY RAY LLAMAS did not die immediately.

31.    The search and seizure and the use of deadly force was excessive and objectively unreasonable under the circumstances. The use of deadly force by Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 demonstrated a deliberate indifference to the health and safety of JOHNNY RAY LLAMAS that shocks the conscience.

32.    Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 were present at the scene and intentionally and knowingly permitted the unprovoked and unjustified battery and killing of JOHNNY RAY LLAMAS by failing to prevent it when circumstances were such that they could have done so.

33.    These acts of Defendants constituted excessive and deadly force which caused Plaintiffs special and general damages, physical injuries, and extreme emotional distress. Further the acts of Defendants COUNTY OF RIVERSIDE and Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 deprived Plaintiffs and JOHNNY RAY LLAMAS of rights secured to them by the Fourth and Fourteenth Amendments to the United States Constitution in that Defendants deprived JOHNNY RAY LLAMAS of his right to be free in his person against unreasonable search and seizure, and from excessive force, and deprived Plaintiffs of their right to be free from interference with their familial relationship with JOHNNY RAY LLAMAS.

34.    At all times herein mentioned Defendants were acting under the color of one or more statutes, laws, regulations, customs, practices and usages of the State of California, the County of Riverside, and the RCSD.

35.    In doing the acts and omissions alleged in this Complaint, Defendants pursued an unprivileged course of extreme and outrageous conduct directed at JOHNNY RAY LLAMAS with the intent to cause JOHNNY RAY LLAMAS to suffer extreme terror, fear, shock, anxiety, mental anguish, despair and emotional distress. Defendants' actions shock the conscience.

/ / /

36.     The aforesaid acts and omissions of defendants were done knowingly, intentionally and for the purpose of depriving Plaintiffs and JOHNNY RAY LLAMAS of their constitutional rights in reckless and callous disregard of the same, and by reason thereof, Plaintiffs claim exemplary and punitive damages against each individual Defendants (and not against Defendant COUNTY OF RIVERSIDE) in an amount according to proof.

37.     On August 1, 2023, Plaintiffs presented to Defendant COUNTY OF RIVERSIDE a Government Tort Claim based on the acts, omissions, damages and injuries herein complained of. Defendant COUNTY OF RIVERSIDE denied this Claim in a letter dated August 9, 2023.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment – Excessive Force (42 U.S.C. § 1983)

### [By Plaintiffs S.L. and V.L. against Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, inclusive]

38.     Plaintiffs refer to and replead each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

39.     Decedent JOHNNY RAY LLAMAS had a cognizable interest under the Fourth Amendment of the United States Constitution to not be subjected to excessive force while being detained or arrested by Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10.

40.     On April 14, 2023, Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 each intentionally used excessive force upon JOHNNY RAY LLAMAS by, among other things, shooting JOHNNY RAY LLAMAS in the back, and by shooting JOHNNY RAY LLAMAS again after he had fallen to the ground after being shot in the back.

41.    The lethal force applied to decedent by Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 was in excess of the amount of force a reasonable police officer would have used under similar circumstances.

42.    These acts and omissions of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 violated the rights of decedent JOHNNY RAY LLAMAS under the Fourth Amendment of the United States Constitution to not be subjected to excessive force. Further, Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10's shooting and use of force violated their training and standard police officer training.

43.    As a result of their misconduct, Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 are liable for JOHNNY RAY LLAMAS's injuries, either because they were integral participants in the use of excessive force, and/or because they failed to intervene to prevent these violations.

44.    As a result of the foregoing, JOHNNY RAY LLAMAS suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

45.    As a direct and legal result of the acts and omissions of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, and each of them, as sheriff's deputies under color of law, Plaintiffs have suffered extreme and severe mental anguish and pain and have been injured in mind and body and have further been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance of JOHNNY RAY LLAMAS. Plaintiffs also claim funeral and burial expenses and loss of financial support.

46.    The conduct of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs, and of decedent JOHNNY RAY LLAMAS, and therefore warrants imposition of exemplary and punitive damages as against these Defendants.

47.    Plaintiffs S.L. and V.L. bring this claim as successors-in-interest to JOHNNY RAY LLAMAS and seek survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, for the violation of JOHNNY RAY LLAMAS's rights. Plaintiffs S.L. and V.L. also seek attorney's fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983)

### [By Plaintiffs S.L. and V.L. against Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, inclusive]

48.    Plaintiffs refer to and replead each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

49.    The denial of medical care by Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 deprived JOHNNY RAY LLAMAS of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

50.    Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 failed to provide needed medical care to JOHNNY RAY LLAMAS, failed to timely summon needed medical care for DECEDENT, prevented medical care personnel from timely treating JOHNNY RAY LLAMAS, and refused to permit medical care personnel to access and care for JOHNNY RAY LLAMAS at the scene for an appreciable time after the incident.

51.    On information and belief, after Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 had shot a number of times at JOHNNY RAY LLAMAS and it was apparent to these Defendants that JOHNNY RAY LLAMAS had been struck by at least some of the shots, Defendants SHAWN HUBACHEK, JIMMIE

MCGUIRE, and DOES 3-10 failed to timely summon medical care for JOHNNY RAY LLAMAS and failed to timely provide medical care to JOHNNY RAY LLAMAS.

52.　As a result of the foregoing, JOHNNY RAY LLAMAS suffered great physical pain and suffering up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

53.　Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 knew that failure to provide timely medical treatment to JOHNNY RAY LLAMAS could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing JOHNNY RAY LLAMAS great bodily harm and death.

54.　As a result of their misconduct, Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 are liable for JOHNNY RAY LLAMAS's injuries, either because they were integral participants in the denial of medical care, and/or because they failed to intervene to prevent these violations.

55.　Plaintiffs S.L. and V.L. bring this claim as successors-in-interest to JOHNNY RAY LLAMAS and seek survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, for the violation of JOHNNY RAY LLAMAS's rights. Plaintiffs S.L. and V.L. also seek attorney's fees and costs under this claim.

## THIRD CLAIM FOR RELIEF

**Interference with Familial Relationship – First Amendment, Fourteenth Amendment (42 U.S.C. § 1983)**

**[By all Plaintiffs against Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, inclusive]**

56.　Plaintiffs refer to and replead each and every allegation contained in the foregoing paragraphs of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

57.     Plaintiff S.L. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff S.L.'s familial relationship with their father, JOHNNY RAY LLAMAS.

58.     Plaintiff V.L. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff V.L.'s familial relationship with their father, JOHNNY RAY LLAMAS.

59.     Plaintiff CAROLYN CAMPBELL had a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff CAROLYN CAMPBELL's familial relationship with her son, JOHNNY RAY LLAMAS.

60.     The aforementioned acts and omissions of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs and with a purpose to harm unrelated to any legitimate law enforcement objective.

61.     As a direct and proximate result of these acts and omissions, JOHNNY RAY LLAMAS experienced pain and suffering and eventually died. Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with JOHNNY RAY LLAMAS.

62.     As a direct and proximate cause of the acts of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, Plaintiffs suffered emotional

(PROPOSED) FIRST AMENDED COMPLAINT

distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent JOHNNY RAY LLAMAS, and will continue to be so deprived for the remainder of their natural lives.

63.    The conduct of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of JOHNNY RAY LLAMAS and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10.

64.    Plaintiffs S.L., V.L., and CAROLYN CAMPBELL bring this claim individually, for the interference with S.L. and V.L.'s relationship with their father, JOHNNY RAY LLAMAS, and with CAROLYN CAMPBELL's relationship with her son, JOHNNY RAY LLAMAS, and seek wrongful death damages for the violation of Plaintiffs' rights. Plaintiffs also claim funeral and burial expenses and a loss of financial support. Plaintiffs S.L., V.L., and CAROLYN CAMPBELL also seek attorney's fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Unlawful Custom, Policy, or Practice (42 U.S.C. § 1983)

### [By all Plaintiffs against Defendant COUNTY OF RIVERSIDE]

65.    Plaintiffs refer to and replead each and every allegation contained in the foregoing paragraphs of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

66.    Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 acted pursuant to an expressly adopted policy or longstanding practice or custom of Defendant COUNTY OF RIVERSIDE.

67.    On information and belief, Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 were not disciplined, reprimanded, retrained, suspended, or

otherwise penalized in connection with their deprivation of JOHNNY RAY LLAMAS's and Plaintiffs' rights.

68.    Defendant COUNTY OF RIVERSIDE, together with the RCSD and various COUNTY and RCSD policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)    Using excessive and unreasonable force, including deadly force on persons who do not pose an immediate risk of death or serious bodily injury to others;

(b)    Providing inadequate training regarding the use of force, including deadly force;

(c)    Providing inadequate training regarding de-escalation;

(d)    Employing and retaining as police officers, individuals such as Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, inclusive, who Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(e)    Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies, and other personnel, including Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, inclusive, who COUNTY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits;

(f)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by deputies of the COUNTY; and

(g)    Failing to adequately discipline COUNTY deputies for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude

of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

69.     Defendant COUNTY, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, COUNTY condoned, tolerated and through actions and inactions thereby ratified such policies. COUNTY also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of JOHNNY RAY LLAMAS, Plaintiffs, and other individuals similarly situated.

70.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant COUNTY acted with intentional, reckless, and callous disregard for the constitutional rights of JOHNNY RAY LLAMAS and Plaintiffs. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendant COUNTY caused the deprivation of Plaintiffs' and Decedent's rights by the Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10; that is, COUNTY's maintenance of the aforementioned unconstitutional customs, practices, and policies and failure to prevent violations of law by its employees is so closely related to the deprivations of Plaintiffs' and Decedent's rights as to be the moving force that caused the ultimate injury.

71.     Based on information and belief, the following are only a few examples of cases evidencing Defendant COUNTY's unconstitutional policies, where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that COUNTY routinely ratifies such behavior and maintains a practice of allowing such behavior:

(a)     In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603 JGB (DTBx), Defendant COUNTY failed to discipline its deputy who

attacked a man with his K-9 and shot used deadly force against him while he was not an immediate threat of death or serious bodily injury to anyone;

(b)    In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700 VAP (OPx), Defendant COUNTY argued that the use of deadly force against an individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, a man who posed no immediate threat of death or serious bodily injury and suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy;

(c)    In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), Defendant COUNTY failed to discipline its deputy who used deadly force on a man who was not an immediate threat of death or serious bodily injury to anyone;

(d)    In *Bosch v. County of Riverside*, case number EDCV 13-02352 (SVW)(FFM), Defendant COUNTY failed to discipline its deputy who used deadly force on a man who was not an immediate threat of death or serious bodily injury to anyone;

(e)    In *Castillo v. County of Riverside*, case number EDCV 13-00789 VAP (SPx), Defendant COUNTY failed to discipline its deputy who used deadly force on a man who was not an immediate threat of death or serious bodily injury to anyone;

(f)    In *Munoz v. County of Riverside*, case number RIC120794, plaintiff argued that the involved COUNTY Sheriff's deputy used deadly force against her son at a time when he posed no immediate threat.  The jury in that case returned a verdict in favor of plaintiff;

(g)    In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-1767, Defendant COUNTY failed to discipline its deputy who used deadly force on a man who was not an immediate threat of death or serious bodily injury to anyone;

(h)    In *Galvan v. County of Riverside, et al.*, case number 5:21-cv-00384 JGB (SHKx), Defendant COUNTY failed to discipline its deputy who entered plaintiff's room while plaintiff was sleeping and immediately escalated the situation by commanding a canine to attack plaintiff, including being bit in the neck, a use of deadly force under the circumstances, while plaintiff was not an immediate risk of harm to anyone;

(i)    In *Arocha v. County of Riverside, et al.*, case number 5:18-cv-01585 DMG (SHKx), Defendant COUNTY failed to discipline its deputy who viciously punched plaintiff in the face resulting in loss of consciousness and a broken orbital bone, a use of deadly force under the circumstances, while plaintiff was not an immediate risk of harm to anyone;

(j)    In *Cortina v. County of Riverside, et al.*, case number 5:18-cv-01579 DDP (SPx), Defendant COUNTY failed to discipline its deputy who used force including deadly force, including deployment of a chemical agent, on an unarmed man who was not an immediate threat of harm to anyone;

(k)    In *Aguirre, et al. v. County of Riverside, et al.*, case number 5:18-cv-00762 DMG (SPx), Defendant COUNTY failed to discipline its deputy who used excessive force against the decedent who was not an immediate threat of death or serious bodily injury, arguing that the force was reasonable even after a unanimous jury returned a verdict in favor of plaintiffs;

(l)    In *Orellana v. County of Riverside, et al.*, case number 5:19-cv-01263 JGB (SHKx), Defendant COUNTY failed to discipline its deputies who used excessive force including deadly force against a man who was not an immediate threat of harm to anyone.

72.    By reasons of the aforementioned acts and omissions, Decedent JOHNNY RAY LLAMAS suffered great physical pain and suffering up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity; Plaintiffs suffered

-- 17 --

emotional distress, mental anguish, and pain; and Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent JOHNNY RAY LLAMAS, and will continue to be so deprived for the remainder of their natural lives.

73.     Accordingly, Defendant COUNTY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983. Plaintiffs also seek attorneys' fees and costs under this claim.


## FIFTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

**[By all Plaintiffs against Defendant COUNTY OF RIVERSIDE]**

74.     Plaintiffs refer to and replead each and every allegation contained in the foregoing paragraphs of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

75.     On information and belief, COUNTY and the RCSD failed to properly and adequately train Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, inclusive, including but not limited to, with regard to the use of physical force, less than lethal force, lethal force, de-escalation tactics, communication tactics, and pursuit tactics, and COUNTY's training on these subjects was not adequate to prevent violations of law by its employees.

76.     The training policies of Defendant COUNTY and the RCSD were not adequate to train their officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, communication tactics, pursuit tactics, and the use of lethal force.

77.     Defendant COUNTY OF RIVERSIDE was deliberately indifferent to the substantial risk that its and RCSD's de-escalation tactics, communication tactics, pursuit tactics and use of deadly force policies were inadequate to prevent violations of law by its employees, and to the known or obvious consequences of its failure to adequately train its

police officers with respect to the de-escalation tactics, communication tactics, pursuit tactics and the use of deadly force.

78.    The failure of Defendant COUNTY to provide adequate training caused the deprivation of JOHNNY RAY LLAMAS's and Plaintiffs' rights by Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, inclusive; that is, COUNTY's failure to train is so closely related to the deprivation of these rights as to be the moving force that caused the ultimate injury.

79.    Based on information and belief, the following are only a few examples of cases where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that COUNTY failed to adequately train its deputies with regard to the use of force:

(a)    In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603 JGB (DTBx), Defendant COUNTY failed to discipline its deputy who attacked a man with his K-9 and shot used deadly force against him while he was not an immediate threat of death or serious bodily injury to anyone;

(b)    In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700 VAP (OPx), Defendant COUNTY argued that the use of deadly force against an individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, a man who posed no immediate threat of death or serious bodily injury and suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy;

(c)    In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), Defendant COUNTY failed to discipline its deputy who used deadly force on a man who was not an immediate threat of death or serious bodily injury to anyone;

(d)     In *Bosch v. County of Riverside*, case number EDCV 13-02352 (SVW)(FFM), Defendant COUNTY failed to discipline its deputy who used deadly force on a man who was not an immediate threat of death or serious bodily injury to anyone;

(e)     In *Castillo v. County of Riverside*, case number EDCV 13-00789 VAP (SPx), Defendant COUNTY failed to discipline its deputy who used deadly force on a man who was not an immediate threat of death or serious bodily injury to anyone;

(f)     In *Munoz v. County of Riverside*, case number RIC120794, plaintiff argued that the involved COUNTY Sheriff's deputy used deadly force against her son at a time when he posed no immediate threat.  The jury in that case returned a verdict in favor of plaintiff;

(g)     In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-1767, Defendant COUNTY failed to discipline its deputy who used deadly force on a man who was not an immediate threat of death or serious bodily injury to anyone;

(h)     In *Galvan v. County of Riverside, et al.*, case number 5:21-cv-00384 JGB (SHKx), Defendant COUNTY failed to discipline its deputy who entered plaintiff's room while plaintiff was sleeping and immediately escalated the situation by commanding a canine to attack plaintiff, including being bit in the neck, a use of deadly force under the circumstances, while plaintiff was not an immediate risk of harm to anyone;

(i)     In *Arocha v. County of Riverside, et al.*, case number 5:18-cv-01585 DMG (SHKx), Defendant COUNTY failed to discipline its deputy who viciously punched plaintiff in the face resulting in loss of consciousness and a broken orbital bone, a use of deadly force under the circumstances, while plaintiff was not an immediate risk of harm to anyone;

(j)    In *Cortina v. County of Riverside, et al.*, case number 5:18-cv-01579 DDP (SPx), Defendant COUNTY failed to discipline its deputy who used force including deadly force, including deployment of a chemical agent, on an unarmed man who was not an immediate threat of harm to anyone;

(k)    In *Aguirre, et al. v. County of Riverside, et al.*, case number 5:18-cv-00762 DMG (SPx), Defendant COUNTY failed to discipline its deputy who used excessive force against the decedent who was not an immediate threat of death or serious bodily injury, arguing that the force was reasonable even after a unanimous jury returned a verdict in favor of plaintiffs;

(l)    In *Orellana v. County of Riverside, et al.*, case number 5:19-cv-01263 JGB (SHKx), Defendant COUNTY failed to discipline its deputies who used excessive force including deadly force against a man who was not an immediate threat of harm to anyone.

80.    By reasons of the aforementioned acts and omissions, Decedent JOHNNY RAY LLAMAS suffered great physical pain and suffering up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity; Plaintiffs suffered emotional distress, mental anguish, and pain; and Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent JOHNNY RAY LLAMAS, and will continue to be so deprived for the remainder of their natural lives.

81.    Accordingly, Defendant COUNTY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983. Plaintiffs also seek attorneys' fees and costs under this claim.

///

///

///

## SIXTH CLAIM FOR RELIEF

### Battery (Survival and Wrongful Death)

### [By All Plaintiffs against All Defendants]

82.     Plaintiffs refer to and replead each and every allegation contained in the foregoing paragraphs of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

83.     Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, while working as sheriff's deputies for RCSD and COUNTY, and acting within the course and scope of their duties, intentionally shot JOHNNY RAY LLAMAS multiple times and used unreasonable and excessive force against him. As a result of the actions of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, JOHNNY RAY LLAMAS ultimately died from his injuries. Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 had no legal justification for using force against JOHNNY RAY LLAMAS, and their use of force while carrying out their duties as police officers was an unreasonable and non-privileged use of force.

84.     As a direct and proximate result of the conduct of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 as alleged above, JOHNNY RAY LLAMAS sustained injuries, experienced pain and suffering, died from his injuries and also lost his earning capacity. Also as a direct and proximate result of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10's conduct as alleged above, Plaintiffs S.L., V.L., and CAROLYN CAMPBELL suffered emotional distress and mental anguish. S.L., V.L., and CAROLYN CAMPBELL also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of JOHNNY RAY LLAMAS, and will continue to be so deprived for the remainder of their natural life.

85.     COUNTY is vicariously liable for the wrongful acts of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries

caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

86.    The conduct of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of JOHNNY RAY LLAMAS, entitling Plaintiffs S.L. and V.L., as successors-in-interest to JOHNNY RAY LLAMAS, to an award of exemplary and punitive damages as to Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10.

87.    Pursuant to California Code of Civil Procedure §§ 377.60 and 377.70, Plaintiffs S.L. and V.L. bring this claim individually, as a wrongful death claim, and as successors-in-interest to JOHNNY RAY LLAMAS, as a survival claim. Plaintiffs S.L. and V.L. seek survival damages, including pain and suffering, and wrongful death damages under this claim.

88.    Pursuant to California Code of Civil Procedure §§ 377.60, Plaintiff CAROLYN CAMPBELL brings this claim individually and seeks wrongful death damages on this claim.

89.    As a further proximate result of the aforesaid acts and omissions by defendants and the death of decedent, Plaintiffs have incurred funeral and burial expenses in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### Negligence (Survival and Wrongful Death)
### [By All Plaintiffs against All Defendants]

90.    Plaintiffs refer to and replead each and every allegation contained in the foregoing paragraphs of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

91.    Law enforcement officers, including Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, have a duty to use reasonable care to prevent harm

or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

92. Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 were negligent and reckless, including but not limited to:

(a)    the failure to properly and adequately assess the need to use force or deadly force against JOHNNY RAY LLAMAS;

(b)    the negligent tactics and handling of the situation with JOHNNY RAY LLAMAS, including pre-shooting negligence;

(c)    the negligent use of force, including deadly force, against JOHNNY RAY LLAMAS;

(d)    the failure to provide prompt medical care to JOHNNY RAY LLAMAS;

(e)    the failure to properly train and supervise employees, both professional and non-professional, including Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10;

(f)    the failure to properly employ, retain, assign, control, and discipline employees, including Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, including despite known dangerous propensities and/or propensities for using excessive force;

(g)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of JOHNNY RAY LLAMAS;

(h)    the negligent handling of evidence and witnesses; and

(i)    the negligent communication of information during the incident.

(PROPOSED) FIRST AMENDED COMPLAINT

93.    As a direct and proximate result of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10's conduct as alleged above, and other undiscovered negligent conduct, JOHNNY RAY LLAMAS experienced pain and suffering ultimately died. Also as a direct and proximate result of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10's conduct as alleged above, Plaintiffs S.L., V.L., and CAROLYN CAMPBELL suffered emotional distress and mental anguish. Plaintiffs S.L., V.L., and CAROLYN CAMPBELL also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of JOHNNY RAY LLAMAS, and will continue to be so deprived for the remainder of their natural lives.

94.    COUNTY is vicariously liable for the wrongful acts of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

95.    Pursuant to California Code of Civil Procedure §§ 377.60 and 377.70, Plaintiffs S.L. and V.L. bring this claim individually, as a wrongful death claim, and as successors-in-interest to JOHNNY RAY LLAMAS, as a survival claim. Plaintiffs S.L. and V.L. seek survival damages, including pain and suffering, and wrongful death damages under this claim.

96.    Pursuant to California Code of Civil Procedure §§ 377.60, Plaintiff CAROLYN CAMPBELL brings this claim individually and seeks wrongful death damages on this claim.

97.    As a further proximate result of the aforesaid acts and omissions by defendants and the death of decedent, Plaintiffs have incurred funeral and burial expenses in an amount to be proven at trial.

///

///

(PROPOSED) FIRST AMENDED COMPLAINT

## **EIGHTH CLAIM FOR RELIEF**

### **Violation of California Civil Code § 52.1**

### **[By All Plaintiffs against All Defendants]**

98.    Plaintiffs refer to and replead each and every allegation contained in the foregoing paragraphs of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

99.    California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

100.    On information and belief, Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against JOHNNY RAY LLAMAS or acted in reckless disregard of JOHNNY RAY LLAMAS's civil rights, including by shooting him without justification or excuse, and by denying him necessary medical care.

101.    When Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 shot JOHNNY RAY LLAMAS numerous times, either by integrally participating in the shooting or by failing to intervene, they deliberately subjected JOHNNY RAY LLAMAS to excessive force that was beyond what was necessary and coercively interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

102.    On information and belief, Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 intentionally and spitefully coercively committed the above acts to coercively interference with JOHNNY RAY LLAMAS's civil rights, to discourage JOHNNY RAY LLAMAS from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

103.   On information and belief, JOHNNY RAY LLAMAS reasonably believed and understood that the violent acts committed by Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, inclusive were intended to coercively interfere with JOHNNY RAY LLAMAS's civil rights, to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

104.   Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 successfully interfered with the above civil rights of JOHNNY RAY LLAMAS.

105.   The conduct of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 was a substantial factor in causing JOHNNY RAY LLAMAS's harms, losses, injuries, and damages.

106.   COUNTY is vicariously liable for the wrongful acts of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

107.   The conduct of Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for JOHNNY RAY LLAMAS's rights, justifying an award of exemplary and punitive damages as to Defendants SHAWN HUBACHEK, JIMMIE MCGUIRE, and DOES 3-10.

108.   Plaintiffs S.L. and V.L. bring this claim as successors-in-interest to JOHNNY RAY LLAMAS and seek survival damages, including emotional distress, loss of life, and loss of enjoyment of life under this claim. Plaintiffs S.L. and V.L. also seek treble damages, attorney's fees, and costs under this claim.

109.   As a further proximate result of the aforesaid acts and omissions by defendants and the death of decedent, plaintiffs have incurred funeral and burial expenses in an amount to be proven at trial.

1

**PRAYER FOR RELIEF**

Plaintiffs pray for judgment on all causes of action against defendants, and each of them, as follows:

1. For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

2. For funeral and burial expenses, and loss of financial support;

3. For punitive damages against the individual defendants in an amount to be proven at trial;

4. For statutory damages;

5. For treble damages pursuant to California Civil Code sections 52, 52.1;

6. For interest;

7. For reasonable attorney's fees, including litigation expenses;

8. For costs of suit; and

9. For such other and further relief as the court may deem just, proper, and appropriate.

Dated:  January 29, 2024          **MARDIROSSIAN AKARAGIAN, LLP**


                           By:  /s/ Lawrence D. Marks
                                GARO MARDIROSSIAN
                                LAWRENCE D. MARKS
                                Attorneys for Plaintiffs S.L. and CAROLYN
                                CAMPBELL

Dated:  August 20, 2024          **LAW OFFICES OF DALE K. GALIPO**


                           By:  /s/ Dale K. Galipo
                                DALE K. GALIPO
                                Attorneys for Plaintiff V.L.

(PROPOSED) FIRST AMENDED COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated:  August 19, 2024                    **MARDIROSSIAN AKARAGIAN, LLP**

By:  /s/ Lawrence D. Marks

GARO MARDIROSSIAN
LAWRENCE D. MARKS
Attorneys for Plaintiffs S.L. and CAROLYN
CAMPBELL

Dated:  August 20, 2024                    **LAW OFFICES OF DALE K. GALIPO**

By:  /s/ Dale K. Galipo

DALE K. GALIPO
Attorneys for Plaintiff V.L.