Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Lynn Carpenter (State Bar No. 310011)
  *lynn.carpenter@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF RIVERSIDE, SHAWN HUBACHECK, and JIMMIE MCGUIRE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.L. a minor by and through the Guardian Ad Litem Kristine Llamas-Leyva, individually and as successor-in-interest to JOHNNY RAY LLAMAS, deceased; V.L., by and through the Guardian Ad Litem Amber Sietsinger, individually and as successor-in-interest to JOHNNY-RAY LLAMAS deceased; and CAROLYN CAMPBELL, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE; and DOES 1¬10, inclusive,<br><br>Defendant. | Case No.: 5:24-cv-00249-CAS(SPx)<br>Hon. Christina A. Snyder<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE PROFFERED IN OPPOSITION TO DEFENDANT OFFICER MORALES' MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>*Action Filed:* 02/01/2024 |

Defendants COUNTY OF RIVERSIDE, SHAWN HUBACHECK, and JIMMIE MCGUIRE submit the following objections to certain evidence proffered by Plaintiffs in Opposition to Defendants' Motion for Summary Judgment, or Alternatively, Partial Summary Judgment:

1

Case No. 5:24-cv-00249-CAS(SPx)
**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE PROFFERED IN OPPOSITION TO DEFENDANT OFFICER MORALES' MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| Exhibit 2 to Declaration of Benjamin S. Levine [hereafter, "Levine Decl."] "Relevant portions of the transcript pf the April 16, 2023, Interview of Jimmie McGuire" | Inadmissible hearsay. Fed. R. Evid. 802. Lack of Authentication. Fed. R. Evid. 901. Lack of Foundation. Fed. R. Evid. 602. Inadmissible Lay Opinion. Fed. R. Evid. 701. | Sustained: _____<br><br>Overruled: _____ |
| Exhibit 10 to Levine Decl. "Relevant portions of the Riverside County Coroner Autopsy Report" | Inadmissible hearsay. Fed. R. Evid. 802. Lack of Authentication. Fed. R. Evid. 901. Lack of Foundation. Fed. R. Evid. 602. Inadmissible Lay Opinion. Fed. R. Evid. 701.<br><br>Irrelevant for purposes of Defendants' Motion for Summary Judgment. F.R.E. 401, 402.<br><br>Not material as it does not raise a triable issue of a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("as to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." (Internal citations omitted.) | Sustained: _____<br><br>Overruled: _____ |

| | | | |
|---|---|---|---|
| 1 2 3 4 | Exhibit 11 to Levine Decl. "Photographs depicting the incident location" | Inadmissible hearsay. Fed. R. Evid. 802. Lack of Authentication. Fed. R. Evid. 901. Lack of Foundation. Fed. R. Evid. 602. | Sustained: _____ Overruled: _____ |
| 5 6 7 8 | Exhibit 12 to Levine Decl. "Notice of Intent to Close Child Support Case" | Inadmissible hearsay. Fed. R. Evid. 802. Lack of Authentication. Fed. R. Evid. 901. Lack of Foundation. Fed. R. Evid. 602. | Sustained: _____ Overruled: _____ |
| 9 10 11 12 13 14 | Exhibit 14 to Levine Decl. "Zoomed-in clip of a video recording of the incident captured from a helicopter via infrared camera" | Inadmissible hearsay. Fed. R. Evid. 802. Lack of Authentication. Fed. R. Evid. 901. Lack of Foundation. Fed. R. Evid. 602. | Sustained: _____ Overruled: _____ |
| 15 16 17 18 19 20 21 | Exhibit 15 to Levine Decl. "Zoomed-in clip of a video recording of the incident captured by Defendant Shawn Hubacheck's body-worn camera" | Inadmissible hearsay. Fed. R. Evid. 802. Lack of Authentication. Fed. R. Evid. 901. Lack of Foundation. Fed. R. Evid. 602. | Sustained: _____ Overruled: _____ |
| 22 23 24 25 26 27 | Declaration of Roger Clark | Inadmissible hearsay. Fed. R. Evid. 802. Lack of Foundation. Fed. R. Evid. 602. Improper Opinion. Fed. R. Evid. 702. Speculation. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 401, 402. Lack of Foundation and Personal Knowledge. Fed. R. Evid. 401, 402. | Sustained: _____ Overruled: _____ |

| | | |
|---|---|---|
| | Speculative expert testimony. (F.R.E. 702); *U.S. v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) ("The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The . . . expert must explain how the conclusion is so grounded." (quoting Fed. R. Evid. 702, comm. note)). | |
| | Improper expert methodology. (F.R.E. 702, 703); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997) (holding courts have discretion to decide that materials relied upon by experts are insufficient to support an expert's conclusions). | |
| | Improper testimony of an expert witness as to a legal question. (F.R.E. 702); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("[E]xpert testimony consisting of legal conclusions [is] not admissible." (citing *Marx v. Diners Club, Inc.*, 550 F.2d 505, 509 (2d Cir. 1977)). The expert is opining on what is proper to consider under the relevant constitutional analysis. | |
| | The Declaration of Roger Clark contains information that is inadmissible given that the expert | |

| | |
|---|---|
| | report was prepared based upon improper and inadmissible and irrelevant evidence, such as the initial statements of the deputies involved in the incident, Riverside County Sheriff's Department's investigative records, and Riverside County Sheriff's Department Policies and Training Documents and POST Learning Domains.<br><br>Completely absent of any citations to applicable case and statutes, in paragraph 10, Clark misstates the law under *Graham v. Connor*, as well as PC 835a as to the use of force, and the use of deadly force.<br><br>Completely absent of any citations to law, policy, or training, paragraph 11 misstates law, policy, and training.<br><br>Paragraphs 12-16 relies on speculation, lacks foundation, and repeatedly misrepresents the evidence, including video evidence, in the case. Fed. R. 602, 702.<br><br>With respect to paragraph 14(k), Mr. Clark is not qualified to testify as to the existence of any mental health issues, which is based on pure speculation and lacks foundation. Fed. R. 602, 702.<br><br>With respect to paragraph 16, Mr. Clark, is not qualified to opine on | |

| | |
|---|---|
| | the injuries noted in the autopsy report, particularly speculating the injuries noted in the report as related to a dog bite and the trajectory of bullets. This is based on speculation and lacks foundation as it misrepresents the physical evidence. Fed. R. 602, 702.<br><br>Furthermore, the expert witness report clearly contradicts *Graham v. Conner*, in that Mr. Clark prepared this report with the benefit of having 20/20 hindsight vision to the incident. 490 U.S. 386 (1989). *Graham* states that "the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. 490 U.S. 386, 396 (1989).<br><br>Lastly, the expert witness declaration improperly presents opinions on the ultimate issue in this case, which usurps the function of the trier of fact and does not "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid, Rule 702. This is prevalent in paragraphs 12-16. | |

DATED: June 9, 2025

**MANNING & KASS<br>ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Kayleigh Andersen
Eugene P. Ramirez,
Lynn L. Carpenter
Kayleigh Andersen
Attorneys for Defendants, COUNTY OF RIVERSIDE, SHAWN HUBACHECK, and JIMMIE MCGUIRE

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On June 9, 2025, I served true copies of the following document(s) described as **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE PROFFERED IN OPPOSITION TO DEFENDANT OFFICER MORALES' MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT** on the interested parties in this action as follows:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kayleigh Ann Andersen**
  kayleigh.andersen@manningkass.com,dxf@manningllp.com,kaa@manningllp.com

- **Lynn Louise Carpenter**
  Lynn.Carpenter@manningkass.com,Angela.Thompson@manningkass.com

- **Richard T Copeland**
  rtc@conflict-solution.com

- **Dale K Galipo**
  dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,sanderson@galipolaw.com,hlee@galipolaw.com

- **Benjamin Stamler Levine**
  blevine@galipolaw.com

- **Garo Mardirossian**
  garo@garolaw.com,lourdes@garolaw.com

- **Lawrence D Marks**
  lmarks@garolaw.com,tdockweiler@garolaw.com,daniel@garolaw.com

- **Eugene P Ramirez**
  Eugene.Ramirez@manningkass.com,delia.flores@manningkass.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

1    Executed on June 9, 2025, at Los Angeles, California.

                                            /s/ Sandra Alarcon
                                  Sandra Alarcon

2