1  Eugene P. Ramirez (State Bar No. 134865)
     *eugene.ramirez@manningkass.com*
2  Lynn Carpenter (State Bar No. 310011)
     *lynn.carpenter@manningkass.com*
3  Kayleigh Andersen (State Bar No. 306442)
     *kayleigh.andersen@manningkass.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7
   Attorneys for Defendant, COUNTY OF
8  RIVERSIDE, SHAWN HUBACHEK and
   JIMMIE MCGUIRE
9

10            **UNITED STATES DISTRICT COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  S.L. a minor by and through the Guardian Ad Litem Kristine Llamas Leyva, individually and as successor-in-interest to JOHNNY RAY LLAMAS, deceased; V.L., by and through the Guardian Ad Litem Amber Sietsinger, individually and as successor-in-interest to JOHNNY RAY LLAMAS deceased; and CAROLYN CAMPBELL, individually, | Case No.: 5:24-cv-00249-CAS(SPx) Hon. Christina A. Snyder |
| 18  Plaintiffs, | |
| 19  v. | |
| 20  COUNTY OF RIVERSIDE; SHAWN HUBACHEK; JIMMIE MCGUIRE; and DOES 3¬10, inclusive, | Date:   Monday, September 15, 2025 Time:   10:00 am Crtrm.:  Courtroom 8D__ |
| 22  Defendant. | |

14 **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY THE DISTRICT COURT PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES**

*Filed concurrently with Declaration of Kayleigh Andersen and Proposed Order*

23  *Action Filed:       02/01/2024*

24 **TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

25          **PLEASE TAKE NOTICE THAT** on Monday, September 15, 2025, at 10:00

26  a.m., or as soon thereafter the matter may be heard, in Courtroom 8D of the above

27  entitled court located at 350 West First Street, Los Angeles, California 90012,

28  Defendants County of Riverside, Shawn Hubachek, and Jimmie McGuire

1

1  ("Defendants") will move this Court for an Order staying the trial court proceedings,

2  pending resolution of Defendants interlocutory appeal (Case No.25-4537).

3        This Motion is made pursuant to the "divestiture of jurisdiction rule" since all

4  remaining claims are aspects of the appeal. *See U.S. v. Claiborne*, 727 F.2d 842,

5  850(9th Cir. 1984). Specifically, the remaining claims have been properly appealed

6  on the basis of standing and qualified immunity. Further, this motion is also made

7  pursuant to the inherent discretionary power of district courts to stay proceedings

8  pending before them. *See Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th

9  Cir. 2003), abrogated on other grounds by *Ryan v. Gonzales*, 568 U.S. 57, 133 S. Ct.

10  696, 184 L. Ed. 2d 528 (2013). As such, the orderly course of justice and balance of

11  hardships favor staying the entire action pending the resolution of the appeal.

12        This Motion is based upon this notice, the attached memorandum of points

13  and authorities, the papers and records on file in this action, and upon such

14  additional oral argument and documentary evidence as may be properly before the

15  Court at the time of the hearing on this matter. This motion is made following the

16  conference of counsel pursuant to L.R. 7-3 which took place on July 31, 2025, by e-

17  mail. Then, again, by phone on August 1, 2025. *See* Declaration of Kayleigh

18  Andersen ["Andersen Decl."].

19  DATED:  August 14, 2025          **MANNING & KASS**

20                                        **ELLROD, RAMIREZ, TRESTER LLP**

21

22                         By:        */s/ Kayleigh Andersen*

23                               Kayleigh Andersen

24                               Attorneys for Defendant, COUNTY OF
                             RIVERSIDE, SHAWN HUBACHEK and

25                               JIMMIE MCGUIRE

26

27

28

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

1      **<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

2      **I.      BACKGROUND**

3             On June 23, 2025, this Court issued its ORDER GRANTING IN PART AND

4      DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

5      (Doc. 54). Pursuant to this decision, the following claims remain active in the case:

6             1.      Plaintiff, V.L.'s First Cause Of Action for excessive force, pursuant to

7      42 U.S.C. section 1983, against Defendants Sergeant Shawn Hubachek ("Sgt.

8      Hubachek"), and Deputy Jimmie McGuire ("Deputy McGuire");

9             2.      Plaintiffs S.L., V.L. and Carolyn Campbell's ("Plaintiffs")  Third

10     Cause Of Action for violation of 14th Amendment rights/right to familial

11     relationship pursuant to 42 U.S.C. section 1983, against Defendants Sgt. Hubachek

12     and Deputy McGuire;

13            3.      Plaintiff, V.L.'s Sixth, Seventh, and Eighth Causes of Action, under

14     state law (respectively, for battery, negligence, and Bane Act) against Defendants

15     County of Riverside, Sgt. Hubachek, and Deputy McGuire (collectively,

16     "Defendants").

17            On July 18, 2025, Defendants filed their notice of appeal from the Court's

18     order on Defendants' motion for summary judgment. (Doc. 55) Whereby, the Court

19     granted summary judgment in part and denied it, in part. Defendants seek an appeal

20     on grounds which include qualified immunity and standing. Filing the notice had the

21     effect of staying further proceedings in the district court on the remaining claims:

22     two federal causes of action against Sgt. Hubachek and Deputy McGuire, and V.L.'s

23     three remaining state law claims against all Defendants. *See Griggs v. Provident*

24     *Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), *Chuman v. Wright*, 960 F.2d 104, 105

25     (9th Cir. 1992). By this motion, Defendants ask this Court for an order to stay all

26     proceedings in this action until the pending interlocutory appeal comes to a

27     resolution in order to prevent simultaneous jurisdiction of the trial court and

28     appellate court.

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

## II.    A MOTION TO STAY IS APPROPRIATE AS ALL REMAINING CLAIMS ARE ASPECTS ON APPEAL.

In the Ninth Circuit, an interlocutory claim is immediately appealable, and its filing divests the district court of jurisdiction to proceed with trial. *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir.1984), cert. denied, 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 56 (1984). Without a stay, any district court ruling could lead to inconsistent results.

### A.    V.L. and S.L.'s Standing Issues Concern the Remaining Federal and State Claims, Not Dispositive on Summary Judgment.

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58.  This rule, divesting the district court of jurisdiction, is not based on statutory provisions or the rules of civil procedure, but "is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time. *Claiborne*, 727 F. 2d at 850. Certifying that an appeal is frivolous or waived is an exception to this rule. *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018).[1] However, to date, there have been no such certifications. Even if there were, the basis of standing is not frivolous as concrete legal questions exist.

Defendants recognize and appreciate the Court's decision as to S.L. and V.L.'s disparate standing issues, but respectfully submits that these issues present a proper basis for an appeal. First, *Wheeler v. City of Santa Clara* 894 F.3d 1046 (9th Cir. 2018), instructs that S.L.'s 14th amendment claim is barred. Inadvertently, the Court's ruling created an impermissible exception legal authority under Cal. Civ.

---

[1] Importantly, the divesture rule operates differently from a discretionary analysis under *Landis v. North American Co*., 299 U.S. 248, 254 (1936).

4

1   Proc. Code § 377.60 and Cal. Prob. Code § 6451.

2        Second, Defendants assert that V.L.'s standing, as to her survival claims, are

3   predicated on the presumed parent standard. This standard operates under a two part

4   analysis: (1) receiving the child, and (2) openly holding out the child as their natural

5   child. *See*, e.g., *Estate of Britel*, 236 Cal. App. 4th 127, 138 (2015)(exploring the

6   term "openly hold" under California statutory construction), as modified on denial

7   of reh'g (May 15, 2015). However, Defendants posit that the Court did not properly

8   evaluate the second prong. Separately, as to V.L.'s wrongful death claims, she

9   cannot fall into any category contained in Cal. Civ. Proc. Code § 377.60 that would

10  enable her to have standing. *See Stennett v. Miller*, 34 Cal. App. 5th 284, 289-306

11  (2019). (analyzing Cal. Civ. Pro. § 377.60 involving an absentee father and

12  California laws of intestate succession.)

13  **B.    Qualified Immunity**

14       "In general, an appeal of an order denying qualified immunity divests the

15  district court of jurisdiction to proceed with trial on the issues involved in the appeal."

16  *Gonzalez v. City of Alameda*, 21-CV-09733-DMR, 2023 WL 6851991, at *1 (N.D.

17  Cal. Oct. 16, 2023), *Chuman*, 960 F.2d at 105.

18       As mentioned above, there have been no motions to certify Defendants' appeal

19  as frivolous. To the extent Plaintiffs sought such relief in the future, it would be

20  unwarranted. Frivolity requires a qualified immunity claim "that is unfounded, so

21  baseless that it does not invoke appellate jurisdiction and that a forfeited qualified

22  immunity claim is one that is untimely or dilatory". *Marks v. Clarke*, 102 F.3d 1012,

23  1017, n. 8 (9th Cir. 1996), as amended on denial of reh'g (Feb. 26, 1997) (internal

24  quotation and citation omitted). That is not the situation here.

25       *Suzuki v. Cty. of Contra Costa*, No. 18-CV-06963-SI, 2019 WL 4674418 (N.D.

26  Cal. Sept. 25, 2019) proves instructive. In staying the case, the Court noted:

27       An appeal from the denial of qualified immunity is not frivolous solely
         because the district court based its order on what it perceived to be
28       clearly established law. To certify the appeal as frivolous on account of

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

1  the very question that defendants seek to appeal, as plaintiff urges of this Court, is to render defendants' ability to appeal a nullity.

2
   *Suzuki*, *supra*, at \*2 (internal citation omitted).

3

4  Related, "[e]ven a district court's belief that parties are unlikely to prevail on

5  appeal is insufficient alone to warrant certification of the appeal as frivolous." *Id*.

6  In denying qualified immunity, the summary judgment order discussed, inter

7  alia: *Estate of Lopez by & through Lopez v. Gelhaus*, 871 F.3d 998, 1001 (9th Cir.

8  2017); *George v. Morris*, 736 F.3d 829, 832 (9th Cir. 2013); *Curnow By & Through*

9  *Curnow v. Ridgecrest Police*, 952 F.2d 321, 323 (9th Cir. 1991); and *Estate of Aguirre*

10 *v. County of Riverside*, 29 F.4th 624, 629-30 (9th Cir. 2002). Defendants submit that

11 those cases are factually distinct from the underlying incident and do not create

12 "clearly established" law, as defined by *White v. Pauly*, 137 S. Ct. 548, 551-552

13 (2017) and other Supreme Court precedent.

14 Qualified immunity is a complex area of law, demonstrated by the ample

15 appellate and Supreme Court jurisprudence concerning the topic. *See* e.g. *White*,

16 *supra*, 551-552; *Richardson v. McKnight*, 521 U.S. 399, 408 (1997). Insofar as the

17 topic brings professional disagreement among appellate courts. Further, an appeal

18 may proceed even with disputed facts. The Ninth Circuit may review a denial of

19 qualified immunity where a defendant argues that the facts, even when considered in

20 the light most favorable to the plaintiff, show no constitutional violation, or no

21 violation of a clearly established right. *Ames v. King County*, 846 F.3d 340, 347 (9th

22 Cir. 2017). This could occur because Defendant is appealing denial of qualified

23 immunity, and qualified immunity consists of two prongs: "(1) whether there has

24 been a violation of a constitutional right; and (2) whether that right was clearly

25 established at the time of the officer's alleged misconduct." *Lal v. California*, 746

26 F.3d 1112, 1116 (9th Cir. 2014) (internal citation omitted).

27 / / /

28 / / /

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

**III.    EVEN UNDER DISCRETIONARY STANDARDS PENDING THE
RESOLUTION OF AN INTERLOCUTORY APPEAL, A STAY
REMAINS APPROPRIATE.**

The Ninth Circuit has explained that " [a] district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936)." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

The *Lockyer* court explained that:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockye*r, 398 F.3d at 1110; citation omitted, material in brackets added.

Pursuant to the standards set out in *Lockyer*, the Court should stay the proceedings in this action pending the resolution of the interlocutory appeal filed by Defendants.

First, justice will benefit from granting a stay. All of the active claims asserted by Plaintiffs against Defendants are stayed by virtue of the filing of their appeal. If no stay is granted here, the parties will conduct a trial that will not differ much from the one that would have occurred if the defendants had chosen not to file their appeal. But if that appeal does not succeed, Defendants would likely be faced with having to go through a second trial almost identical to the first one. Collateral estoppel may limit some of the issues to be addressed in such a second trial, but likely not all. So denying this motion for stay would likely negatively impact "the orderly course of justice" by requiring two trials of the claims against Defendants rather than just one. Granting the stay would naturally simplify matters, by allowing all of the related "issues, proof, and questions of law" to be presented to a single jury in a single trial.

DEFENDANTS' MOTION TO STAY PROCEEDINGS

1  Second, the balance of hardships favors granting this motion for a stay. The

2 other two factors the district court should consider when ruling on a motion for stay

3 pending appeal are "the possible damage which may result from the granting of a

4 stay" and "the hardship or inequity which a party may suffer in being required to go

5 forward". *Lockyer*, *supra*, 398 F.3d at 1110. Essentially, the court is required to

6 balance any hardship that granting the stay might impose on the party opposing the

7 stay against the hardship that the moving party will suffer if the stay is not granted.

8  The hardship Defendants will suffer if a stay is not ordered in this matter

9 pending the resolution of the pending appeal has essentially been set out in the

10 preceding section: inconsistent rulings, duplication of efforts by the defendants (as

11 well as plaintiffs and this Court), and subjecting the defendants (and other witnesses)

12 with having to attend and testify at two trials rather than just one. In contrast, the only

13 damage the plaintiff might suffer as a result of the granting of the stay would be a

14 delay in the partial trial of her claims against the defendants. (Part of the potential trial

15 has already been stayed as a result of the filing of the interlocutory appeal.)

16 **IV.    CONCLUSION**

17  For these reasons, Defendants' request that this Court grant its motion to stay

18 the district court proceedings.

19 DATED:  August 14, 2025        **MANNING & KASS**

20                                 **ELLROD, RAMIREZ, TRESTER LLP**

21

22
                                 By:    _/s/ Kayleigh Andersen_
23
                                     Kayleigh Andersen
24                                   Attorneys for Defendant, COUNTY OF
                                     RIVERSIDE, SHAWN HUBACHEK and
25                                   JIMMIE MCGUIRE

26

27

28

DEFENDANTS' MOTION TO STAY PROCEEDINGS

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

    At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S.

4

Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5

    On August 14, 2025, I served true copies of the following document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY THE DISTRICT**

6

**COURT PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

7

8

    **Electronic Mail Notice List**

    The following are those who are currently on the list to receive e-mail notices for this case.

9

10

- **Kayleigh Ann Andersen**
  kayleigh.andersen@manningkass.com,delia.flores@manningkass.com

11

- **Lynn Louise Carpenter**
  Lynn.Carpenter@manningkass.com,Angela.Thompson@manningkass.com

12

13

- **Richard T Copeland**
  rtc@conflict-solution.com

14

- **Dale K Galipo**
  dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@

15

  galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,cooperm

16

  ayne@recap.email,sanderson@galipolaw.com,hlee@galipolaw.com

17

- **Benjamin Stamler Levine**
  blevine@galipolaw.com

18

19

- **Garo Mardirossian**
  garo@garolaw.com,lourdes@garolaw.com

20

- **Lawrence D Marks**
  lmarks@garolaw.com,tdockweiler@garolaw.com,daniel@garolaw.com

21

22

- **Eugene P Ramirez**
  Eugene.Ramirez@manningkass.com,delia.flores@manningkass.com

23

    **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case

24

who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the

25

court rules.

26

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this

27

Court at whose direction the service was made.

28

1      Executed on August 14, 2025, at Los Angeles, California.

2

3                                                    /s/ Sandra Alarcon
                                                Sandra Alarcon
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2