**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333 / Facsimile: (818) 347-4118

*Attorneys for Plaintiff V.L.*

Garo Mardirossian, Esq., #101812
garo@garolaw.com
Lawrence D. Marks, Esq., #153460
Lmarks@garolaw.com
**MARDIROSSIAN AKARAGIAN, LLP**
6311 Wilshire Boulevard
Los Angeles, CA 90048-5001
Telephone (323) 653-6311 / Facsimile (323) 651-5511

*Attorneys for Plaintiffs S.L. and CAROLYN CAMPBELL*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.L., a minor by and through the Guardian Ad Litem Kristine Llamas Leyva, individually and as successor-in-interest to JOHNNY RAY LLAMAS, deceased; V.L., by and through the Guardian Ad Litem Amber Snetsinger, individually and as successor-in-interest to JOHNNY RAY LLAMAS, deceased; and CAROLYN CAMPBELL, individually, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF RIVERSIDE; SHAWN HUBACHEK; JIMMIE MCGUIRE; and DOES 3-10, inclusive, <br><br> Defendants. | Case No. 5:24-cv-00249-CAS-SP <br><br> *Honorable Christina A. Snyder* <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY THE DISTRICT COURT PROCEEDINGS** <br><br> Date: September 15, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 8D |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Except as to Plaintiffs' federal claims, Defendants' motion should be denied.

This Court's order on summary judgment included three sets of rulings, holding that:

(1) Plaintiff S.L. lacks standing to pursue wrongful death and survival claims under federal and state law, but genuine disputes of material fact regarding Plaintiffs' standing preclude summary judgment on standing grounds as to all of Plaintiff V.L.'s claims and all Plaintiffs' Fourteenth Amendment claims [Dkt. 54 at 10-19];

(2) Defendants are not entitled to qualified immunity for Plaintiffs' federal claims due to the existence of genuine disputes of material fact and because, resolving all disputed material facts in Plaintiffs' favor, the law governing the federal claims was clearly established at the time of the incident [*id.* at 19-27]; and

(3) the existence of genuine disputes of material fact precludes summary judgment as to Plaintiff V.L.'s state law claims. [*Id.* at 28-30.]

Having filed a notice of appeal from this Court's summary judgment order, Defendants now seek to stay the entire action in this Court. But controlling precedent entitles Defendants to a stay only as to those claims, or aspects thereof, that are properly subject to interlocutory appeal. Because this Court's rulings on standing and Plaintiff V.L.'s state law claims are *not* subject to interlocutory appeal, Defendants' appeal is frivolous insofar as it seeks to appeal those rulings, so no stay should issue as to the state law claims. And because the balance of the equities favors allowing Plaintiff V.L. to proceed in this Court with her state law claims during the pendency of Defendants' qualified immunity appeal, an exercise of the

Court's discretion to stay the entire case is not warranted. Thus, except as to Plaintiffs' federal claims, Defendants' motion to stay should be denied.[1]

## II. AN AUTOMATIC STAY SHOULD NOT ISSUE AS TO PLAINTIFF'S STATE LAW CLAIMS BECAUSE FRIVOLOUS APPEALS DO NOT DIVEST THIS COURT OF JURISDICTION

As Defendants note, the filing of a notice of appeal "divests the district court of its control over *those aspects of the case involved in the appeal*." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (emphasis added). However, where the district court recognizes that an interlocutory appeal, or certain aspects thereof, is frivolous, it may proceed with those aspects of the case that have been appealed frivolously. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 790-91 (9th Cir. 2018) (collecting cases); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

As relevant to Defendants' appeal, the Ninth Circuit "may exercise [interlocutory appellate] jurisdiction over issues that do not require resolution of factual disputes, including in cases where officers argue that they have qualified immunity, assuming the facts most favorable to the plaintiff." *Rodriguez*, 891 F.3d at 791. The Ninth Circuit's authority to entertain interlocutory appeals is thus limited to appeals involving purely legal issues, *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) ("A public official may not immediately appeal 'a *fact-related* dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial. . . . . To the

---

[1] As is noted in the materials attached to Defense counsel's declaration, this case is currently set for mediation for September 10, 2025. (Declaration of Kayleigh Andersen, Ex. A at 2 [Dkt. 63-1 at 5].) If the case does not settle at mediation, Plaintiffs anticipate moving in the Ninth Circuit for an order dismissing Defendants' appeal to the extent it seeks interlocutory review of this Court's summary judgment rulings on standing and V.L.'s state law claims, consistent with this Opposition.

extent the district court's order denies summary judgment on purely legal issues, however, we do have jurisdiction.'"); *see, e.g.*, *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011); *Estate of Anderson v. Marsh*, 985 F.3d 726, 730-31 (9th Cir. 2021); *Rodriguez*, 891 F.3d at 791, except where otherwise authorized by statute or binding precedent, *Johnson v. Jones*, 515 U.S. 304, 310-11 (1995). By the same token, following a notice of appeal, district courts are precluded from proceeding with trial only as to purely legal issues for which precedent authorizes the taking of an interlocutory appeal, as a limited exception to the final judgment rule, because interlocutory appeals of other issues are improper and thus are frivolous. *Rodriguez*, 891 F.3d at 790-91; *see Johnson*, 515 U.S. at 309-10; *Foster*, 908 F.3d at 1210.

All respects in which this Court denied summary judgment depended on this Court's identification of genuinely disputed issues of material fact, with the sole exception of its determination, in addressing the second prong of qualified immunity, that the law governing Plaintiffs' federal claims was clearly established. [*See* Dkt. 54 at 25-27.] This was the only purely legal issue decided in the Court's order. *See Foster*, 908 F.3d at 1210. As such, all other aspects of the Court's order are *not* immediately appealable, rendering Defendants' appeal of those aspects of the order frivolous.

### A.  Standing

Ninth Circuit precedent expressly precludes interlocutory appeals of rulings on standing: "District courts may, of course, address standing when passing on Rule 12(b)(6) and 56 motions predicated on qualified immunity, but any ruling on such issues will generally be independent of the qualified immunity inquiry itself and *cannot be raised on interlocutory appeal*." *Eng v. Cooley*, 552 F.3d 1062, 1068 n.2

(9th Cir. 2009) (emphasis added).[2] Accordingly, to the extent it seeks interlocutory review of this Court's standing rulings, Defendants' appeal is frivolous.

In their motion, Defendants provide no reason why they may appeal the Court's standing rulings on an interlocutory basis. (Mot. at 4-5 [Dkt. 63].) Although they assert that their appeal "on the basis of standing is not frivolous as concrete legal questions exist," (*id.*), whether "concrete legal questions exist" is not the standard for whether an interlocutory appeal may be taken. Rather, as explained above, the appealed issue must be one specially exempted from the final judgment rule and, in appeals on summary judgment, must be purely legal. *Johnson*, 515 U.S. at 310-11; *Foster*, 908 F.3d at 1210. But as noted, this Court's standing rulings turned on its identification of disputed issues of fact [*see, e.g.*, Dkt. 54 at 16 ("[T]he Court finds that disputed factual issues related to Llamas' presumed parenthood over V.L., and therefore V.L.'s status as a successor in interest to Llamas, preclude the Court from granting summary judgment on [V.L.'s standing to bring survival claims."), 17 ("The Court finds that a triable issue exists [as to V.L.'s standing to bring wrongful death claims] . . . due to disputed facts regarding whether Llamas is V.L.'s presumed parent. If a reasonable jury determines that Llamas was her presumed parent, V.L. will have standing to bring these claims.")], so they are necessarily not purely legal.

Further, the "concrete legal questions" Defendants purport to identify depend on the same factual arguments raised in Defendants' summary judgment motion and ruled on by the Court, and in the instant motion Defendants make clear that they

---

[2] Although *Eng* noted that in "rare circumstance[s]" a standing ruling may be "'inextricably intertwined' with the qualified immunity decision" and thereby enable interlocutory appeal, *id.* (quoting *Swint v. Chambers County Com'n*, 514 U.S. 35, 50-51 (1995)), no colorable argument exists that this is the case here. The basis of this Court's rulings on standing were based on Plaintiffs' relationship with their decedent, Mr. Llamas, before his death, and had nothing to do with the underlying incident in which Defendants killed Mr. Llamas. [*See* Dkt. 54 at 12-19.]

simply seek to relitigate the same arguments on appeal. (*Compare* Mot. at 4-5 *with* Motion for Summary Judgment at 16-21 [Dkt. 43 at 27-32].) This supplies no justification for a stay.

Because Defendants' interlocutory appeal of this Court's standing rulings is frivolous, Defendants are not entitled to an automatic stay on this issue.

### B. State Law Claims

In their motion, except in explaining their claimed basis for seeking interlocutory appeal of this Court's standing rulings, Defendants do not address Plaintiff V.L.'s state law claims at all, as would be necessary to justify a stay as to those claims. (*See* Mot. at 4-5 (asserting in a header that "all remaining claims are aspects on appeal" (bold and capital typeface omitted); referencing "the Remaining … State Claims" in a subheader addressing "Standing Issues"; and referencing V.L.'s survival and wrongful death claims in the context of standing).) Having failed to address these claims, Defendants make no argument as to why they should be automatically stayed.

Indeed, no legitimate basis for interlocutory appeal of this Court's denial of summary judgment as to V.L.'s state law claims exists. The only legitimate basis for interlocutory appeal of a summary judgment order denying qualified immunity concerns the purely legal questions involved:

> In *Johnson v. Jones*, 515 U.S. 304 (1995), the Supreme Court explained that any "portion of a district court's summary judgment order that, though entered in a 'qualified immunity' case, determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial . . . is not appealable." By contrast, any portion of a summary judgment order that turns on "the application of 'clearly established' law to a given (for appellate purposes undisputed) set of facts" is immediately appealable.

*Estate of Anderson*, 985 F.3d at 730-31 (quoting *Johnson*, 515 U.S. at 313) (internal citation omitted); *see Foster*, 908 F.3d at 1210. But, as noted, this Court's denial of summary judgment as to V.L.'s state law claims was premised on the Court's

determination that material facts bearing on those claims are genuinely disputed. [Dkt. 54 at 28-30.] Thus, Defendants' interlocutory appeal of this Court's rulings on V.L.'s state law claims is also frivolous, and Defendants are not entitled to an automatic stay as to those claims.

The Court should find that all aspects of Defendants' interlocutory appeal save for qualified immunity are frivolous and should not stay the other aspects of this case.

### III. A DISCRETIONARY STAY IS NOT WARRANTED

In deciding whether to issue a discretionary stay, Courts in the Ninth Circuit apply "three non-exclusive factors": "(1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023) (quoting *Lockyer v. Mirant Corp.*, 389 F.3d 1098, 1110 (9th Cir. 2005)).

First, Plaintiffs will suffer substantial prejudice if the Court stays these proceedings in their entirety. Plaintiffs have been attempting to seek justice for their decedent, Mr. Llamas, since Defendants fatally shot him on April 14, 2023, more than two years ago. If the Court stays all proceedings, Plaintiffs' day in court will be delayed further, likely by a year or more, even though there are discrete claims that are not subject to interlocutory appeal, as explained above. Certain evidence, such as witnesses' recollections, may also become staler with this additional delay. And prolonging resolution of the state law claims which are not subject to interlocutory appeal would be unnecessarily taxing on Plaintiffs, given the natural emotional difficulty of their loss of Mr. Llamas.

Second, the balance of hardships favors allowing the state claims to proceed to trial. Any concerns from Defendants that proceeding to trial now on the state law claims may result in duplicative efforts by the parties apply equally to Defendants

and Plaintiffs. In addition, Defendants' concerns do not outweigh the prejudice that would be done to Plaintiffs by delaying trial on the state law claims. Defendants would suffer minimal prejudice in having the case proceed to trial on the state law claims. If Defendants' appeal of this Court's denial of qualified immunity is successful—as Defendants hope it will be—the state law claims would remain, and Defendants would nevertheless have to proceed to trial on those claims.

Third, efficiency factors do not warrant a stay. As Defendants acknowledge, collateral estoppel could limit issues and preserve judicial efficiency in a second trial on Plaintiffs' federal claims. (Mot. at 7.) In that event, declining to stay the state law claims would not likely require significant duplicative efforts from either party, and the risk of inconsistent rulings is minimal. Balanced against the prejudice to Plaintiffs that a stay would cause and the lack of inequity in any hardship that the parties would experience, this factor does not warrant a stay, so Defendants' motion should be denied as to standing and the state law claims.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Plaintiffs respectfully request the Court deny Defendants' Motion, except as to Plaintiffs' federal claims.

DATED: August 25, 2025

LAW OFFICES OF DALE K. GALIPO

By  /s/ Benjamin S. Levine
Dale K. Galipo
Benjamin S. Levine[3]
Attorneys for Plaintiff V.L.

DATED: August 25, 2025

MARDIROSSIAN AKARAGIAN, LLP

By  /s/ Lawrence D. Marks
Garo Mardirossian
Lawrence D. Marks
Attorneys for Plaintiffs S.L. and Carolyn Campbell

---

[3] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing

**CERTIFICATION OF COMPLIANCE WITH WORD LIMIT (L.R. 11-6.1)**

The undersigned, counsel of record for Plaintiff V.L., certifies that this brief contains **2,127** words, which complies with the word limit of L.R. 11-6.1.

DATED: August 25, 2025          LAW OFFICES OF DALE K. GALIPO

                                By_____/s/ Benjamin S. Levine_____
                                  Dale K. Galipo
                                  Benjamin S. Levine
                                  Attorneys for Plaintiff V.L.