Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Lynn Carpenter (State Bar No. 310011)
  *lynn.carpenter@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, COUNTY OF RIVERSIDE, SHAWN HUBACHEK and JIMMIE MCGUIRE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.L. a minor by and through the Guardian Ad Litem Kristine Llamas Leyva, individually and as successor-in-interest to JOHNNY RAY LLAMAS, deceased; V.L., by and through the Guardian Ad Litem Amber Sietsinger, individually and as successor-in-interest to JOHNNY RAY LLAMAS deceased; and CAROLYN CAMPBELL, individually, <br><br>Plaintiffs, <br><br>v. <br><br>COUNTY OF RIVERSIDE; SHAWN HUBACHEK; JIMMIE MCGUIRE; and DOES 3–10, inclusive, <br><br>Defendant. | Case No.: 5:24-cv-00249-CAS(SPx) <br>Hon. Christina A. Snyder <br><br>**DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO STAY THE DISTRICT COURT PROCEEDINGS** <br><br>Date:  Monday, September 15, 2025 <br>Time:  10:00 am <br>Crtrm.:  Courtroom 8D__ <br><br>*Action Filed:*     02/01/2024 |

Defendants County of Riverside, Sgt. Hubachek, and Deputy McGuire's (collectively, "Defendants") submit the following brief, in response to Plaintiffs S.L., V.L. and Carolyn Campbell (collectively, "Plaintiffs") Opposition to Defendants' Motion to Stay Proceedings.

## I. SUMMARY OF DEFENDANTS' POSITION

The Plaintiffs and Defendants (collectively, the "Parties") are in agreement that "the filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal." *See* Doc. 64, 2:6-38. Further, the Parties are in agreement that the federal claims have divested the court of its jurisdiction. *See id.*, 8:1-3. As such, Plaintiffs limit their Opposition to Defendants' Motion to Stay to, specifically, oppose Plaintiff V.L's state claims. *See* Doc. 64, 8:1-3.[1]

In doing so, the Opposition moves away from the focus for the actual Motion at hand. Instead, the Opposition seeks to reframe Defendants' basis for appeal, the appropriate standard for appellate review, and the legal standard on a Motion to Stay. To be sure, a Motion to Stay is not the appropriate vehicle to argue the merits of an appeal. Notwithstanding, the Opposition incorrectly asserts that "Defendants provide no reason why they may appeal the Court's standing ruling on an interlocutory basis." *See id.*, 4:3-4. Not so. *Compare* Doc.63, 4:10-5:12. Further, the issue in Defendants' Motion is whether the Court has already been divested of jurisdiction, or if under its discretionary powers, the Court deems a stay appropriate. *See id.*, 4:10-5:12, 7:4-8:15. Importantly, Plaintiffs **did not** file a motion to certify Defendants' appeal as frivolous. Further, the Opposition did not meet the high standard that would certify Defendants' appeal as frivolous.

Indeed, Defendants' Motion provided legally sound grounds as to why the stay is appropriate: (1) standing is an aspect of the appeal, as to a controlling legal questions, and thus divests the district court of its jurisdiction; and (2) the district court has discretionary authority to stay the standing claims because the balance of inequity tips in the favor of staying the claims and orderly course of justice also supports a stay. *See id*.

---

[1] Importantly, the Opposition failed to oppose S.L.'s standing claim divested the district court's jurisdiction. As such, Plaintiffs' have waived that argument.

## II. THE OPPOSITION DID NOT ESTABLISH THAT DEFENDANTS' APPEAL IS FRIVOLOUS

An appeal is frivolous if it is "wholly without merit" or the "results are obvious." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002); *In re George*, 322 F.3d 586, 591 (9th Cir. 2003). Stated another way, "[a]n appeal on a matter of law is frivolous where none of the legal points are arguable on their merits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"The standard for a frivolous appeal is quite high." *Rafique v. Premier Fin. All., Inc.*, 23-CV-00732-JST, 2025 WL 1073767, at *1 (N.D. Cal. Mar. 12, 2025) internal citations omitted)(cleaned up). Further, "a party's mere disagreement with the merits does not constitute frivolousness." *Id*. "This means that the appeal must be so baseless that it does not invoke appellate jurisdiction, such as when the disposition is so plainly correct that nothing can be said on the other side." *Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1104 (C.D. Cal. 2021) (internal citations omitted)(cleaned up).

Again, Plaintiffs did not file a motion to certify Defendants' appeal as frivolous, or any aspect of the appeal as frivolous. Rather, Plaintiffs contend, in their Opposition, that V.L.'s state claims present a frivolous basis for appeal because standing is not (1) "inextricably intertwined" with qualified immunity, and/or (2) a "purely legal" question law. (*See id.*, 3:20-6:7.) This ignores the certification standard and Defendants' Motion to Stay positions altogether. Consequently, Plaintiffs are attempting to prematurely argue the contents of the appeal.

Nonetheless, Defendants are not seeking review regarding any factual dispute. Rather, Defendants' appeal concerns legal questions, including those regarding California state law and the inadvertent exception the district court created regarding S.L.'s Fourteenth Amendment claim. *See* Doc.63, 4:10-5:12.

Further, Plaintiffs incorrectly assert that standing is "expressly preclude[d]" on an interlocutory appeal. *See* Doc.63, 3:20-24.

3
**DEFENDANTS' REPLY BRIEF**

1 First, *Eng v. Cooley*, 552 F.3d 1062, 1068, fn. 2 (9th Cir. 2009), cited by the Opposition does not support this conclusion. In a footnote, the Ninth Circuit in *Eng v. Cooley*, noted that under *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47, (1995), there are rare circumstances where qualified immunity and standing are inextricably intertwined that would enable an interlocutory appeal. However, this argument moves away from the canons of a motion to stay and/or a motion to certify a frivolous appeal. Instead, it presents arguments that concern the merits, which are reserved for appeal. Moreover, this footnote only observes part of the standard under *Swint*. Indeed, it is an "otherwise non-appealable ruling [that] is 'inextricably intertwined' with **or 'necessary to ensure meaningful review of'** the order properly before us on interlocutory appeal." *Meredith v. Oregon,* 321 F.3d 807, 813 (9th Cir.2003) (*quoting Swint*, 514 U.S. at 51.)

Importantly, if it were determined that Plaintiffs lacked standing, it would dispose of all the state claims. But also, it would impact the same causes of action that encompass qualified immunity. This is a completely different situation than the events involved in *Eng v. Cooley*, whereby the Ninth Circuit determined that it lacked jurisdiction to address whether plaintiff had third party standing to vindicate the First Amendment rights of his lawyer, on interlocutory review of the partial denial of qualified immunity in civil rights action. *Eng v. Cooley*, 552 F.3d 1062 (9th Cir. 2009).

Relatedly, two issues usually are not "inextricably intertwined" if the court must apply different legal standards to each issue. *See Cunningham v. Gates*, 229 F3d 1271, 1284 (9th Cir. 2000). But that is not always so. *See Goelz, Batalden & Querio*, Rutter Group Prac. Guide Fed. Ninth Cir. Civ. App. Prac. Ch. 7-B, [7:18.5]. For example, although different standards applied to motions for preliminary injunctive relief and a motion to dismiss, they overlapped in that they required a determination that "plaintiffs have no chance of success on the merits" of their claim; and the court thus exercised pendent jurisdiction. *See id*., *citing Angelotti*

*Chiropractic, Inc. v. Baker*, 791 F3d 1075, 1087-1088 (9th Cir. 2015). Such is the case in this present action.

Second, the Ninth Circuit *has* reviewed standing in an interlocutory appeal. In particular, when questions concerning the authority of the court are "necessary to ensure meaningful review of" injunctions because if the appellate court does not have jurisdiction then it does not have the authority to address any issue on appeal. *Puente Arizona v. Arpaio*, 821 F.3d 1098, 1109 (9th Cir. 2016), *see also Smith v. Arthur Andersen LLP*, 421 F.3d 989, 998 (9th Cir.2005). As such, appellate jurisdiction is proper when the pendent issue implicates "the very power the district court used to issue the rulings" under review—like standing. *Hendricks v. Bank of Am.*, 408 F.3d 1127, 1134–35 (9th Cir.2005) (*quoting Meredith*, 321 F.3d at 816).

Third, the Ninth Circuit has "also exercised pendent jurisdiction over a small set of cases where ruling on the merits of the proper interlocutory appeal will necessarily resolve all of the remaining issues presented by the pendent appeal." *Puente Arizona v. Arpaio*, 821 F.3d 1098, 1109–10 (9th Cir. 2016), *see Huskey v. City of San Jose*, 204 F.3d 893, 904-905 (9th Cir.2000) [The Ninth Circuit exercised pendent jurisdiction over a city's *Monell* liability and qualified immunity.]

Again, Defendants' standing grounds concern questions of law, including the California parentage statutes under Family Code §§ 77601, 7611, which impact standing under wrongful death and survival actions. These issues are separate and apart from any factual dispute. Further, there is no federal case law permits a Fourteenth Amendment liberty interests of a decedent's adopted-out biological child. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1057 (9th Cir. 2018).

To be sure, under the standard articulated in *Swint*, the Defendants' appellate grounds regarding standing are not frivolous and any argument presented by Plaintiff cannot meet the high standard to certify this appeal as frivolous.

## III. **<u>EVEN UNDER DISCRETIONARY STANDARDS PENDING THE RESOLUTION OF AN INTERLOCUTORY APPEAL, A STAY REMAINS APPROPRIATE.</u>**

The Opposition spends little time arguing under the discretionary provision that enables this Court to stay this action. Pursuant to the factors set out in *Lockyer*, the Court should stay the proceedings in this action pending the resolution of the interlocutory appeal filed by Defendants. Indeed, "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" supports staying this action. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). If no stay is granted here, the parties will conduct a trial that will not differ much from the one that would have occurred if the defendants had chosen not to file their appeal. But if that appeal does not succeed, Defendants would likely be faced with having to go through a second trial almost identical to the first one. Collateral estoppel may limit some of the issues to be addressed in such a second trial, but likely not all. So denying this motion for stay would likely negatively impact "the orderly course of justice" by requiring two trials of the claims against Defendants rather than just one. Granting the stay simplifies matters, by allowing all of the related "issues, proof, and questions of law" to be presented to a single jury in a single trial.

On balance, any hardship that granting the stay might impose on the party opposing the stay against the hardship that the moving party will suffer if the stay is not granted must be considered. The hardship Defendants will suffer if a stay is not ordered in this matter pending the resolution of the pending appeal has essentially been set out in the preceding section: inconsistent rulings, duplication of efforts by the defendants. In contrast, the only damage the plaintiff might suffer as a result of the granting of the stay would be a delay in the partial trial of her claims against the defendants. (Part of the potential trial has already been stayed as a result of the filing of the interlocutory appeal.)

## IV. CONCLUSION

For these reasons, Defendants request that this Court grant its motion to stay the district court proceedings.

DATED: September 2, 2025

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: _/s/ Kayleigh Andersen_
Kayleigh Andersen
Attorneys for Defendant, COUNTY OF RIVERSIDE, SHAWN HUBACHEK and JIMMIE MCGUIRE

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On September 2, 2025, I served true copies of the following document(s) described as **DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO STAY THE DISTRICT COURT PROCEEDINGS** on the interested parties in this action as follows:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kayleigh Ann Andersen**
  kayleigh.andersen@manningkass.com,delia.flores@manningkass.com

- **Lynn Louise Carpenter**
  Lynn.Carpenter@manningkass.com,Angela.Thompson@manningkass.com

- **Richard T Copeland**
  rtc@conflict-solution.com

- **Dale K Galipo**
  dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,sanderson@galipolaw.com,hlee@galipolaw.com

- **Benjamin Stamler Levine**
  blevine@galipolaw.com

- **Garo Mardirossian**
  garo@garolaw.com,lourdes@garolaw.com

- **Lawrence D Marks**
  lmarks@garolaw.com,tdockweiler@garolaw.com,daniel@garolaw.com

- **Eugene P Ramirez**
  Eugene.Ramirez@manningkass.com,delia.flores@manningkass.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

1  Executed on September 2, 2025, at Los Angeles, California.

                                                                       /s/ Sandra Alarcon
                                          Sandra Alarcon

2