UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 5:24-cv-00249-CAS-SPx | Date | September 15, 2025 |
|---|---|---|---|
| Title | S.L. et al v. County of Riverside et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Amanda LeGore | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
  Benjamin Levine
  Lawrence Marks

Attorneys Present for Defendants:
  Kayleigh Anderson

Proceedings: ZOOM HEARING RE: DEFENDANTS' MOTION TO STAY THE DISTRICT COURT PROCEEDINGS (Dkt. 63, filed on August 14, 2025)

## I. INTRODUCTION & BACKGROUND

The background of this case is well-known to the parties and set forth in the Court's June 23, 2025 order. See dkt. 54.

On February 1, 2024, S.L., a minor by and through the guardian *ad litem* Kristine Llamas Leyva, individually and as successor in interest to Johnny Ray Llamas ("S.L."); V.L., by and through the guardian *ad litem* Amber Snetsinger, individually and as successor in interest to Johnny Ray Llamas ("V.L."); and Carolyn Campbell, individually ("Campbell"), filed this action against the County of Riverside ("the County") and Does 1-10. Dkt. 1 ("Compl.").

On September 27, 2024, S.L., V.L., and Campbell (collectively, "plaintiffs") filed the operative first amended complaint, substituting Shawn Hubachek ("Hubachek") as Doe 1 and Jimmie McGuire ("McGuire") as Doe 2. Dkt. 34 ("FAC"). Plaintiffs assert eight claims for relief: (1) excessive force in violation of plaintiffs' Fourth Amendment rights pursuant to 42 U.S.C. § 1983 ("Section 1983"); (2) denial of medical care in violation of plaintiffs' Fourth Amendment rights pursuant to Section 1983; (3) interference with familial relationship in violation of plaintiffs' Fourteenth Amendment rights pursuant to Section 1983; (4) unlawful custom, policy, or practice pursuant to Section 1983; (5) failure to train pursuant to Section 1983; (6) battery – survival and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL            'O'

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-00249-CAS-SPx | Date | September 15, 2025 |
| Title | S.L. et al v. County of Riverside et al | | |

wrongful death ; (7) negligence – survival and wrongful death; and (8) violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1.[1] Id.

On May 16, 2025, Hubachek, McGuire, and th e County (collectively, "defendants") filed a motion for summary judgment. Dkt. 43 ("Mot."). Defendants concurrently filed a statement of uncontroverted facts, dkt. 43-2, as well as declarations from Kayleigh Andersen and Jordan Merle and 25 exhibits, dkt. 43-3.

On June 23, 2025, the Court granted in part and denied in part defendant's motion for summary judgment. Dkt. 54 (the "June 23, 2025 Order"). The Court granted the motion to the extent it sought dismissal of S.L.'s first, sixth, seventh, and eighth claims. The Court denied the motion in all other respects. Id. at 30. The remaining claims appear to be the first claim by V.L.; the third claim by all plaintiffs; and the sixth, seventh, and eighth claims by V.L.

On July 18, 2025, defendants appealed the June 23, 2025 Order. Dkt. 55.

On August 14, 2024, defendants filed the present motion to stay this Court's proceedings until their pending interlocutory appeal comes to a resolution. Dkt. 63 ("Mot."). On August 25, 2025, plaintiffs filed an opposition. Dkt. 64 ("Opp."). On September 2, 2025, defendants filed a reply. Dkt. 65 ("Reply").

On September 15, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Divestment of jurisdiction due to interlocutory appeal

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer

---

[1] Initially, the first and second claims were asserted by S.L. and V.L. against Hubachek, McGuire, and Does 3-10 (the "individual defendants"); the third claim was asserted by all plaintiffs against the individual defendants; the fourth and fifth claims were asserted by all plaintiffs against the County; and the sixth, seventh, and eighth claims were asserted by all plaintiffs against all defendants. FAC ¶¶ 38-98.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:24-cv-00249-CAS-SPx | Date | September 15, 2025 |
|---|---|---|---|
| Title | S.L. et al v. County of Riverside et al | | |

Discount Co., 459 U.S. 56, 58 (1982) (per curiam); see McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731 (9th Cir. 1982). "This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." Natural Resources Defense Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163 (9th Cir. 2001).

However, "a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction." Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992). To declare an appeal frivolous, the court must find that it is "wholly without merit." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1003 n.3 (9th Cir. 2002); see also In re George, 322 F.3d 586, 591 (9th Cir. 2003) (stating that "[a]n appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit"). This means that the appeal must be "so baseless that it does not invoke appellate jurisdiction," such as when "the disposition is so plainly correct that nothing can be said on the other side." Apostol v. Gallion, 870 F.2d 1335 (7th Cir. 1989). In the absence of "the district court certifying that an appeal is frivolous or waived," "'the district court is automatically divested'" of its authority 'to proceed with trial pending appeal.'" Rodriguez v. Cnty. of Los Angeles, 891 F.3d 776, 791 (9th Cir. 2018) (quoting Chuman, 960 F.2d 104 at 105).

**B.   Discretionary Stay**

A district court has discretionary power to stay proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). However, case management concerns alone are not necessarily a sufficient ground to stay proceedings. See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). Among the interests to be weighed in deciding whether to stay a pending proceeding "are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). "'[I]f there is even a fair possibility that the stay … will work damage to someone else,' the stay may be inappropriate absent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:24-cv-00249-CAS-SPx | Date | September 15, 2025 |
|---|---|---|---|
| Title | S.L. et al v. County of Riverside et al | | |

a showing by the moving party of 'hardship or inequity.'" Dependable Highway Express, 498 F.3d at 1066 (quoting Landis, 299 U.S. at 255). However, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" Lockyer, 398 F.3d at 1112. "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

### III. DISCUSSION

#### A. Divestment of jurisdiction due to interlocutory appeal

Defendants "seek an appeal on grounds which include qualified immunity and standing." Mot. at 3.[2] Defendants argue that this Court's proceedings should be stayed "in order to prevent simultaneous jurisdiction of the trial court and appellate court," id., and to prevent "inconsistent results." Id. at 4.

First, defendants argue that this Court's proceedings should be stayed pending resolution of defendants' interlocutory appeal because "all [of plaintiffs'] remaining claims are aspects of the appeal," mot. at 2, and the "'the filing of a notice of appeal…divests the district court of its control over those aspects of the case involved in the appeal.'" Id. at 4 (quoting Griggs, 459 U.S. at 58). With respect to defendants' appeal regarding S.L.'s standing to pursue her Fourteenth Amendment claim and V.L.'s standing to pursue her survival claims, defendants argue that no exception to this

---

[2] In their Ninth Circuit mediation questionnaire, the defendants stated that: "The main issues of appeal are: (1) whether the court committed legal error in concluding that S.L.'s standing to sue under the Fourteenth Amendment presented a triable issue of fact despite concluding she did not fall into the exception under California Probate Code Section 6451, (2) whether the court committed legal error in its application of the presumed parent statute under California Family Code Section 7611(d)'s two-prong test as to V.L.'s claims, (3) whether the court committed legal error in concluding V.L.'s standing to sue under her wrongful death claims are predicated on the presumed parent statute, (4) whether the court committed legal error in concluding that the use of force was unreasonable under the totality of the circumstances facing the deputies, (5) whether the court erred in denying qualified immunity, and (6) whether the court erred in denying summary judgment as to the related state-law claims." S.L., et al. v. County of Riverside, et al., Docket No. 25-4537 (9th Cir. Jul 22, 2025) (Defs.' Mediation Questionnaire, Dkt. 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 5:24-cv-00249-CAS-SPx | Date | September 15, 2025 |
|---|---|---|---|
| Title | S.L. et al v. County of Riverside et al | | |

divestiture rule applies because the appeal is not frivolous and no certifications of frivolity have been made. Id. With respect to defendants' appeal regarding defendants' qualified immunity against V.L.'s Fourth Amendment claim pursuant to Section 1983, defendant likewise argues that its appeal is not frivolous and that no certifications of frivolity have been made. Id. at 5-6 (arguing that "[q]ualified immunity is a complex area of law, demonstrated by the ample appellate and Supreme Court jurisprudence concerning the topic … [and] brings professional disagreement among appellate courts.").

    In opposition, plaintiffs do not dispute that defendants' appeal of this Court's qualified immunity holding automatically divested this Court of jurisdiction over aspects of the case involving that issue. See opp. at 2, 6. However, plaintiffs argue that "[b]ecause this Court's rulings on standing and Plaintiff V.L.'s state law claims are *not* subject to interlocutory appeal, Defendants' appeal is frivolous insofar as it seeks to appeal those rulings, so no stay should issue as to the state law claims." Opp. at 1. Regarding standing, plaintiffs argue that "Ninth Circuit precedent expressly precludes interlocutory appeals of rulings on standing." Id. at 3-4 (citing Eng v. Cooley, 552 F.3d 1062, 1068 n.2 (9th Cir. 2009) and acknowledging that "Eng noted that in 'rare circumstance[s]' a standing ruling may be '"inextricably intertwined"' with the qualified immunity decision' and thereby enable interlocutory appeal"). "Accordingly, to the extent it seeks interlocutory review of this Court's standing rulings, Defendants' appeal is frivolous." Id. Regarding the state law claims, plaintiffs argue that "Defendants do not address Plaintiff V.L.'s state law claims at all … [and] make no argument as to why they should be automatically stayed." Id. at 5. Plaintiffs argue that because "[t]he only legitimate basis for interlocutory appeal of a summary judgment order denying qualified immunity concerns the purely legal questions involved," id., "Defendants' interlocutory appeal of this Court's rulings on V.L.'s state law claims is also frivolous" because "this Court's denial of summary judgment as to V.L.'s state law claims was premised on the Court's determination that material facts bearing on those claims are genuinely disputed." Id. at 5-6.

    In reply, defendants argue that plaintiffs are incorrect in asserting that the issue of standing is "expressly preclude[d]" on an interlocutory appeal. Reply at 3. Defendants argue that plaintiff's citation to Eng, 552 F.3d at 1068 n.2, "moves away from the canons of a motion to stay and/or a motion to certify a frivolous appeal." Id. at 4. Moreover, defendants argue that Eng is distinguishable. Id. at 4. Defendants also appear to argue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:24-cv-00249-CAS-SPx | Date | September 15, 2025 |
|---|---|---|---|
| Title | S.L. et al v. County of Riverside et al | | |

that pendent appellate jurisdiction over an otherwise non-appealable ruling is proper when the ruling is "'inextricably intertwined'" with or "'necessary to ensure meaningful review of'" a lower court's order that is properly before the appellate court. Id. (quoting Meredith v. Oregon, 321 F.3d 807, 813 (9th Cir.2003). In other words, defendants argue that the Ninth Circuit has pendent appellate jurisdiction over this Court's order regarding plaintiffs' standing and their state law claims because the issues of standing and qualified immunity are inextricably intertwined here, and standing is foundational to plaintiff's state law claims. See id.

Defendants also argue that "the Ninth Circuit *has* reviewed standing in an interlocutory appeal. In particular, when questions concerning the authority of the court are 'necessary to ensure meaningful review of' injunctions because if the appellate court does not have jurisdiction then it does not have the authority to address any issue on appeal." Id. at 5 (citing Puente Arizona v. Arpaio, 821 F.3d 1098, 1109 (9th Cir. 2016), see also Smith v. Arthur Andersen LLP, 421 F.3d 989, 998 (9th Cir.2005)). "As such, appellate jurisdiction is proper when the pendent issue implicates 'the very power the district court used to issue the rulings' under review—like standing." Id. (citing Hendricks v. Bank of Am., 408 F.3d 1127, 1134–35 (9th Cir.2005) (quoting Meredith, 321 F.3d at 816).

Third, defendants argue that "the Ninth Circuit has 'also exercised pendent jurisdiction over a small set of cases where ruling on the merits of the proper interlocutory appeal will necessarily resolve all of the remaining issues presented by the pendent appeal.'" Id. (citing Arpaio, 821 F.3d at 1109–10; Huskey v. City of San Jose, 204 F.3d 893, 904-905 (9th Cir.2000)).

Lastly, defendants argue that its standing arguments "concern questions of law, including the California parentage statutes under Family Code §§ 77601, 7611, which impact standing under wrongful death and survival actions." Id. Therefore, the Ninth Circuit is not precluded from entertaining interlocutory appeals on the issue of plaintiff V.L.'s standing, thereby divesting this Court of control over such issues. See id.

The Court finds that V.L.'s Fourth Amendment claim is automatically stayed because defendants' appeal divested the Court of jurisdiction over this claim. The filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." Griggs, 459 U.S. at 58. However, when the district court certifies that an interlocutory appeal is frivolous, the court may proceed with those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:24-cv-00249-CAS-SPx | Date | September 15, 2025 |
|---|---|---|---|
| Title | S.L. et al v. County of Riverside et al | | |

aspects of the case that have been appealed frivolously. See Rodriguez v. County of Los Angeles, 891 F.3d 776, 790-91 (9th Cir. 2018). To declare an appeal frivolous, the court must find that it is "wholly without merit." Kitsap Physicians Serv., 314 F.3d at 1003 n.3; see also In re George, 322 F.3d at 591 (stating that "[a]n appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit"). In the absence of "the district court certifying that an appeal is frivolous or waived," "'the district court is automatically divested'" of its authority 'to proceed with trial pending appeal.'" Rodriguez, 891 F.3d at 791 (quoting Chuman, 960 F.2d 104, 105 (9th Cir. 1992)).

Regarding V.L.'s Fourth Amendment claim that implicates issues of qualified immunity, l"'[a]s a general rule, interlocutory appeals from determinations of qualified immunity are permissible.'" Rodis v. City, Cnty. of San Francisco, 558 F.3d 964, 968 (9th Cir. 2009) (quoting Kennedy v. City of Ridgefield, 439 F.3d 1055, 1059 (9th Cir.2006)). "'[T]he denial of a defendant's motion for summary judgment is immediately appealable where the defendant is a public official asserting the defense of qualified immunity, and the issue appealed concerns whether the facts demonstrated a violation of clearly established law.'" Id. (citations omitted). Therefore, V.L.'s Fourth Amendment claim against defendants, which implicates issues of qualified immunity, is automatically stayed. See id.; Griggs, 459 U.S. 56, 58 (1982).

Regarding plaintiffs' argument that defendants' interlocutory appeal of this Court's standing rulings are frivolous, opp. at 3-4, the Court need not resolve the issue because in any event, the Court finds it appropriate to exercise its discretionary authority to stay proceedings pending resolution of the qualified immunity issue that is properly on appeal. In Eng, the Ninth Circuit stated that "[d]istrict courts may, of course, address standing when passing on Rule 12(b)(6) and 56 motions predicated on qualified immunity … any ruling on such issues will generally be independent of the qualified immunity inquiry itself and cannot be raised on interlocutory appeal." 552 F.3d at 1068, n.2. While plaintiffs cite Eng, 552 F.3d at 1068, n.2, to argue that "Ninth Circuit precedent expressly precludes interlocutory appeals of rulings on standing," opp. at 3, the Eng court itself noted that a district court's standing decision may be heard on interlocutory appeal "in the rare circumstance that the standing decision is 'inextricably intertwined' with the qualified immunity decision." See Reply at 4 (citing Eng, 552 F.3d at 1068, n.2). Moreover, defendants cite to the Ninth Circuit's decision in Meredith, 321 F.3d at 813, to argue that pendent appellate jurisdiction over an otherwise non-appealable ruling—such as standing—may also be proper when the ruling is "'necessary to ensure meaningful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:24-cv-00249-CAS-SPx | Date | September 15, 2025 |
|---|---|---|---|
| Title | S.L. et al v. County of Riverside et al | | |

review of'" a lower court's order that is properly before the appellate court. Id. (citing Meredith, 321 F.3d at 813). Defendants argue that exercising pendent jurisdiction over issues of standing is proper here because standing implicates "'the very power the district court used to issue the rulings'" under review. Id. at 5 (quoting Hendricks v. Bank of Am., 408 F.3d 1127, 1134–35 (9th Cir.2005) (quoting Meredith, 321 F.3d at 816)). Third, defendant cites to caselaw in which the Ninth Circuit has reviewed issues of standing on an interlocutory appeal of a district court's injunction order. Id. (citing Arthur Andersen LLP, 421 F.3d at 998). Given that the law on interlocutory appeals of standing does not appear well settled, the Court does not opine on the issue.

Defendants further argue that the Court committed legal error in concluding that S.L.'s standing to sue under the Fourteenth Amendment presented a triable issue of fact despite concluding S.L. did not fall into the exception under Cal. Civ. Proc. Code § 377.60 and Cal. Prob. Code § 6451. See mot. at 4-5. The Court in its order found that because "a reasonable juror could find that Llamas was sufficiently involved in raising S.L. to constitute a cognizable parent-child relationship protected by the Fourteenth Amendment, … summary judgment in favor of defendants on this issue is not warranted." Dkt. 54 at 18. In so doing, the Court acknowledged that the Ninth Circuit in Wheeler v. City of Santa Clara, 894 F.3d 1046 (9th Cir. 2018), "held that an adopted child failed to state a Fourteenth Amendment claim for the death of his biological mother." Id. n.5 (citing Wheeler, 894 F.3d at 1058). Nonetheless, the Court concluded that summary judgment was not proper because the Wheeler court "explicitly 'confine[d]' its holding to the alleged facts of the relationship in Wheeler, while stating that '[q]uestions concerning all adopted-out children or those raised in non-traditional family arrangements are not before [the Wheeler court] today.'" Id.

Defendants also appeal the Court's order concluding that disputed factual issues precluded the Court from granting summary judgment on the issue of whether V.L. was a successor in interest to Llamas and thus had standing to pursue her state law claims. See mot. at 5; dkt. 54 at 16. Defendants argue that the Court committed legal error in its application of the presumed parent statute under California Family Code Section 7611(d), which states that a person may be "presumed" to be the natural parent of a child if "[1] [t]he presumed parent receives the child into their home and [2] openly holds out the child as their natural child." See mot. at 5; dkt. 54 at 15. (quoting Cal. Fam. Code§ 7611(d)). Specifically, defendants argue that the Court committed legal error by improperly evaluating the second prong of Section 7611(d). Mot. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 5:24-cv-00249-CAS-SPx | Date | September 15, 2025 |
|---|---|---|---|
| Title | S.L. et al v. County of Riverside et al | | |

For reasons stated above and explained below, the Court declines to resolve whether the appeal of this Court's standing rulings is frivolous because in any event, Court finds it prudent to stay proceedings pending resolution of the qualified immunity issue that is properly on appeal.

### B. Discretionary Stay

Defendants argue that the Court should use its discretionary power to stay proceedings. Id. at 7 (citing Landis, 299 U.S. at 254; Lockyer, 398 F.3d at 1109). Defendants argue that "[p]ursuant to the standards set out in Lockyer, the Court should stay the proceedings in this action pending the resolution of the interlocutory appeal filed by Defendants." Id. at 7. "First, justice will benefit from granting a stay …. If no stay is granted here, the parties will conduct a trial that will not differ much from the one that would have occurred if the defendants had chosen not to file their appeal. But if that appeal does not succeed, Defendants would likely be faced with having to go through a second trial almost identical to the first one …. [D]enying this motion for stay would likely negatively impact 'the orderly course of justice' by requiring two trials of the claims against Defendants rather than just one." Id.

Defendants also argue that "the balance of hardships favors granting this motion for a stay." Id. at 8. "The hardship Defendants will suffer if a stay is not ordered in this matter pending the resolution of the pending appeal [include] inconsistent rulings, duplication of efforts by the defendants (as well as plaintiffs and this Court), and subjecting the defendants (and other witnesses) with having to attend and testify at two trials rather than just one. In contrast, the only damage the plaintiff might suffer as a result of the granting of the stay would be a delay in the partial trial of her claims against the defendants. (Part of the potential trial has already been stayed as a result of the filing of the interlocutory appeal.)." Id. at 8.

In opposition, plaintiffs argue that a discretionary stay is not warranted. Id. at 6. "First, Plaintiffs will suffer substantial prejudice if the Court stays these proceedings in their entirety …. If the Court stays all proceedings, Plaintiffs' day in court will be delayed further …. Certain evidence, such as witnesses' recollections, may also become staler with this additional delay. And prolonging resolution of the state law claims which are not subject to interlocutory appeal would be unnecessarily taxing on Plaintiffs, given the natural emotional difficulty of their loss of Mr. Llamas." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 5:24-cv-00249-CAS-SPx | Date | September 15, 2025 |
|---|---|---|---|
| Title | S.L. et al v. County of Riverside et al | | |

Second, plaintiffs argue that "the balance of hardships favors allowing the state claims to proceed to trial. Any concerns from Defendants that proceeding to trial now on the state law claims may result in duplicative efforts by the parties apply equally to Defendants and Plaintiffs …. Defendants would suffer minimal prejudice in having the case proceed to trial on the state law claims" because "the state law claims would remain" even if defendants successfully appealed the Court's denial of qualified immunity. Id. at 6-7.

Third, plaintiffs argue that "efficiency factors do not warrant a stay…. [C]ollateral estoppel could limit issues and preserve judicial efficiency in a second trial on Plaintiffs' federal claims …. In that event, declining to stay the state law claims would not likely require significant duplicative efforts from either party, and the risk of inconsistent rulings is minimal." Id. at 7.

In reply, defendants repeat the arguments in their motion. Reply at 6-7.

As discussed, an automatic stay is necessary over V.L.'s Fourth Amendment claim because defendants' appeal of the qualified immunity issue divested the Court of jurisdiction over this claim; thus, the Court lacks discretion to stay proceedings over this claim. However, defendants' appeal did *not* automatically divest the Court of jurisdiction over plaintiffs' remaining claims. Nonetheless, the Court finds it appropriate to exercise its discretionary power to stay proceedings over these remaining claims.

In deciding whether to stay a pending proceeding "pursuant to its docket management powers," courts in the Ninth Circuit weigh "three non-exclusive factors": "(1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" Ernest Bock, LLC v. Steelman, 76 F.4th 827, 842 (9th Cir. 2023) (quoting Lockyer, 389 F.3d at 1110).

The Court finds that the first two factors do not weigh heavily in favor of or against a stay; however, the third factor strongly weighs in favor of a stay. Regarding factor (1), while the dangers of lost evidence and memory loss of witnesses are a concern, such dangers minimized because the Court's stay is temporary pending resolution of defendants' appeal. Thus, this factor does not counsel strongly against a stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 5:24-cv-00249-CAS-SPx | Date | September 15, 2025 |
|---|---|---|---|
| Title | S.L. et al v. County of Riverside et al | | |

Regarding factor (2), the Court finds that staying proceedings will moderately prejudice plaintiffs by modestly delaying resolution of their claims. On the other hand, denying a stay will could prejudice both plaintiffs and defendants by forcing them to simultaneously litigate claims in this Court and the Ninth Circuit. Thus, this factor does not strongly counsel in favor or against a stay.

Regarding factor (3), the Court finds that "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" favors a stay. Ernest Bock, 76 F.4th at 842. As discussed, V.L.'s Fourth Amendment claim is automatically stayed because of defendants' interlocutory appeal of this Court's qualified immunity ruling. Should the Ninth Circuit grant defendants' appeal, the Court could receive "'considerable assistance in resolving'" this action from the Ninth Circuit's "development of the record and assessment of common issues." See In re PG&E Corp. Sec. Litig., 100 F.4th 1076, 1086 (9th Cir. 2024) (quoting Lockyer, 398 F.3d at 1110)). Moreover, the Court finds that issuing a stay of the proceedings will minimize the risks of multiple trials (and possibly multiple appeals) in the event that the Ninth Circuit declines to grant qualified immunity for defendants. Staying the proceedings would also minimize potential complications arising from the need to determine the preclusive effects of a judgment on plaintiffs' Fourteenth Amendment and state law claims on V.L.'s Fourth Amendment claim that is properly on appeal. In short, the Court believes that it is appropriate to exercise its discretion to stay the proceedings to avoid duplicative litigation and judicial review, minimize risks of inconsistent results, and promote the fair and efficient administration of justice.

Therefore, the Court finds that it is proper to use its discretionary power to stay proceedings on plaintiffs' remaining claims.

## IV.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to stay this Court's proceedings pending resolution of defendants' interlocutory appeal.

IT IS HEREBY ORDERED that counsel shall file a Quarterly Joint Status Report within **120 days** from the date of this order, and every quarter thereafter, until the stay is lifted or by order of this Court. All dates in this action are hereby **VACATED**.

|  | 00 : 12 |
|---|---|
| Initials of Preparer | CMJ |