**NOT FOR PUBLICATION**

FILED

JUL 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| S.L., a minor by and through the Guardian Ad Litem Kristine Llamas Leyva, individually and as successor-in-interest to Johnny Ray Llamas, deceased; V.L., by and through the Guardian Ad Litem Amber Snetsinger, individually and as successor-in-interest to Johnny Ray Llamas, deceased; CAROLYN CAMPBELL, Individually,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>COUNTY OF RIVERSIDE; SHAWN HUBACHEK; JIMMIE MCGUIRE,<br><br>Defendants - Appellants. | No. 25-4537<br><br>D.C. No. 5:24-cv-00249-CAS-SP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted May 21, 2026
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Defendant-Appellants County of Riverside, Shawn Hubachek, and Jimmie

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

McGuire appeal the district court's denial of their motion for summary judgment based on qualified immunity.  We have jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine, *Mitchell v. Forsyth*, 472 U.S. 511, 528–30 (1985), and review the district court's denial of qualified immunity de novo, *Peck v. Montoya*, 51 F.4th 877, 884 (9th Cir. 2022).  We reverse in part and remand.

1. Plaintiff-Appellees first argue that we lack jurisdiction over this appeal because Defendant-Appellants only challenge the district court's determinations of disputed facts.  Plaintiff-Appellees are correct that "any decision by the district court that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal." *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013).  But "[w]e 'undoubtedly' have jurisdiction to consider the district court's denial of qualified immunity," and Defendant-Appellants' "defense-friendly presentation of the facts does not deprive us of jurisdiction." *Est. of Aguirre v. Cnty. of Riverside*, 29 F.4th 624, 627 (9th Cir. 2022).  Thus, we may exercise jurisdiction only "[t]o the extent the district court's order denies summary judgment on purely legal issues." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018).

2. Defendant-Appellants argue that the district court erred in denying them qualified immunity on Plaintiff-Appellees' Fourth Amendment claims.  The doctrine of qualified immunity protects government officials from 42 U.S.C. § 1983 liability "unless (1) they violated a federal statutory or constitutional right, and (2) the

25-4537

unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (simplified). We may address the prongs of qualified immunity in either order, and officers are entitled to qualified immunity if either prong is not satisfied. *See Pearson v. Callahan*, 555 U.S. 223, 241–43 (2009).

"To find that a right is clearly established, courts generally need to identify a case where an officer acting under similar circumstances . . . was held to have violated the Constitution." *Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) (simplified). A right is only clearly established when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right" and "existing precedent . . . place[s] the constitutional question beyond debate." *Id.* (simplified). This "demanding" requirement "protects 'all but the plainly incompetent or those who knowingly violate the law[.]'" *Smith v. Agdeppa*, 81 F.4th 994, 1001 (9th Cir. 2023) (quoting *Wesby*, 583 U.S. at 63).

We hold that the officers' conduct did not violate clearly established law. None of the cases cited by the district court establish the unlawfulness of the officers' conduct here. *See Est. of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1017–18 (9th Cir. 2017), *Est. of Aguirre*, 29 F.4th at 629, and *George*, 736 F.3d at 839. In *Estate of Lopez*, officers shot and killed an 13-year-old boy "while on routine patrol" and not in response to a crime or reports of erratic behavior, even though the officers

3

knew there was a possibility that the child was carrying a toy gun, and the boy never raised the barrel of the toy gun "at any point to a position that posed any threat" to officers. 871 F.3d at 1004, 1010–11. In *Aguirre*, officers shot and killed a person who wielded a bat fifteen feet away without warning, all while the person made no efforts to evade arrest and had his back toward the officers. 29 F.4th at 626, 628. The record showed that the person was not threatening bystanders or advancing toward officers when he was killed. *Id.* at 628. And in *George*, officers shot an elderly man who relied on a walker, who was not actively resisting arrest or committing a crime, and who had his gun trained on the ground. 736 F.3d at 838–39.

Plaintiff-Appellees also contend that *Curnow ex rel. Curnow v. Ridgecrest Police*, 952 F.2d 321 (9th Cir. 1991) and *Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997) create clearly established law. In *Curnow*, officers shot a suspect who did not initially reach for a nearby gun for merely holding an alleged domestic-violence victim on his lap. 952 F.2d at 323. Further, the suspect was shot in the back at first and only later grabbed an unloaded gun by its muzzle while attempting to escape. *Id.* And in *Harris*, in response to the Ruby Ridge assault, federal agents changed the rules of engagement to allow the shooting and killing of "*any* armed adult observed in the vicinity" of the cabin. 126 F.3d at 1202 (emphasis in original). A federal agent then shot a suspect who was running away and made "no threatening

4                                                                     25-4537

movement of any kind." *Id.* at 1203.

None of those cases set clearly established law for the facts here, which involved an hours-long manhunt of a suspect who (1) was accused of dangerous crimes—armed robbery and molesting his niece, (2) was armed with his gun drawn much of the time, (3) was reasonably suspected to have shot and killed a police dog during the manhunt, and (4) faced repeated warnings to drop his weapon while running towards a home that officers reasonably believed to be occupied.  Officers are thus entitled to qualified immunity on Plaintiff-Appellees' Fourth Amendment claims.

3. The district court did not consider whether Defendant-Appellants are entitled to qualified immunity on Plaintiff-Appellees' Fourteenth Amendment claims.  Even if a Fourteenth Amendment violation occurred, "qualified immunity nevertheless applies unless the violation was clearly established." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 695 (9th Cir. 2019).  And when "no analogous case existed at the time of the shooting," a district court errs in denying officers qualified immunity for the claim.  *Id.*  On remand, Plaintiff-Appellees must identify authority that rendered the contours of the substantive due process right at issue "sufficiently definite that any reasonable official in the defendant[s'] shoes would have understood [they were] violating it." *See id.*  We remand the claims to determine whether qualified immunity applies.

25-4537

4.  We do not reach the parties' state-law claims and remand to the district court to determine its jurisdiction to review them after consideration of the Fourteenth Amendment claims.

**REVERSED IN PART AND REMANDED**.

25-4537

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**
  **A. Panel Rehearing:**
   - A party should seek panel rehearing only if one or more of the following grounds exist:
     - ➤ A material point of fact or law was overlooked in the decision;
     - ➤ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
     - ➤ An apparent conflict with another decision of the Court was not addressed in the opinion.
   - Do not file a petition for panel rehearing merely to reargue the case.

  **B. Rehearing En Banc**
   - A party should seek en banc rehearing only if one or more of the following grounds exist:
     - ➤ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
     - ➤ The proceeding involves a question of exceptional importance; or

1

➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

3

Post Judgment Form - Rev. 8/2025

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

Name of party/parties requesting costs to be taxed:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** _____ **Date** _____

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| | | | **TOTAL:** | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

---

**Form 10**  *Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*  *Rev. 12/01/2025*